(34 Misc. Rep. 275.)

### FROHMAN v. PAYTON.

(Supreme Court, Special Term, New York County.　March 4, 1901.)

INJUNCTION—PENDENTE LITE—USING NAME.

Where plaintiff had acquired the sole right to use of a French play, and had it translated and adapted for America, but retained the French name, and defendant proposed to produce a play with the same name at his theater, which was not in fact the·same play, it appearing that plaintiff would probably establish his claim, an injunction pendente lite restraining the use of the name will be granted.

Action for an injunction by Charles Frohman against Corse Payton. Motion by plaintiff for an injunction pendente lite granted.

Howe & Hummel, for motion.

C. Payton, in pro. per.

McADAM, J.　The plaintiff, a well-known theatrical manager, purchased from Edmond Rostand, the composer, the sole right in this country to his celebrated play "L'Aiglon," and caused it to be translated and adapted for America. He organized a company for its production, and, after the investment of a large amount of money, placed the play upon the stage, where it has achieved unusual success. The defendant, the proprietor of a theater in the borough of Brooklyn, has announced the production of a play in his theater entitled "L'Aiglon." It is conceded that the play the defendant proposes to produce is not the plaintiff's. The complaint which the plaintiff makes is in the application of the name "L'Aiglon" to the defendant's production, and he therefore seeks to enjoin such use by the defendant. The name is French, and signifies in English "The Eaglet." While the plaintiff has had the play translated into the English language, he has retained the French title, and adopted it as a trademark for his organization. It must be inferred from the moving papers that the defendant's purpose in appropriating the name of the plaintiff's organization to the play to be produced by said defendant is to secure to himself the eclat and benefit of plaintiff's meritorious and well-known advertised organization, a feature which gives rise to equitable relief. The question, "What's in a name?" has been answered by the courts in many well-considered cases, wherein the exclusive right to a name possessed or owned by a successful business enterprise has been maintained against imitators and wrongdoers who sought, by an unauthorized use, to deceive the public and profit by the wrong. While courts have in some instances refused injunctive relief to protect the use of a title where plays were dissimilar, and the appropriation a mere coincidence (Frohman v. Miller, 8 Misc. Rep. 379, 29 N. Y. Supp. 1109), they have uniformly enjoined such use where deception of the public and injury to the plaintiff were likely to follow a refusal to grant equitable aid (Shook v. Wood, 32 Leg. Int. 264; Hier v. Abrahams, 82 N. Y. 519). The established facts show that the plaintiff will in all probability establish his claim at the trial, and he is entitled to the injunctive relief applied for now to make the final decree effective. Motion granted. Arnheim v. Arnheim, 28 Misc. Rep. 399, 59 N. Y. Supp. 948.