SIMPLEX AUTOMOBILE CO. v. KAHNWEILER et al.    (No. 5748.)

(Supreme Court, Appellate Division, First Department. May 15, 1914.)

1. TRADE-MARKS AND TRADE-NAMES (§ 68*)—EXCLUSIVE USE—RIGHT—"GOODS OF THE SAME CLASS."

   The right to the exclusive use of a trade-mark is limited to the use of a particular class of goods in which it has been actually used, other persons being entitled to use the identical mark or name in connection with a different class of goods; "goods of the same class" being such as would enable an unscrupulous dealer to palm off on unsuspecting customers spurious goods as being the genuine goods of the proprietor of the trademark.

   [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 79; Dec. Dig. § 68.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 68*)—UNLAWFUL COMPETITION—DIFFERENT GOODS.

   Where complainants used the word "Simplex" as a trade-name and device in the sale of motor cars, defendant's use of the same name written in the same style in connection with the sale of fire extinguishers could not constitute unlawful competition.

   [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 79; Dec. Dig. § 68.*]

Appeal from Special Term, New York County.

Suit by the Simplex Automobile Company against Louis M. Kahnweiler and another, doing business as David Kahnweiler's sons. From a decree granting a permanent injunction, plaintiff appeals. Reversed and dismissed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Foley & Martin, of New York City (James A. Martin, of New York City, of counsel), for appellant.

Rollins & Rollins, of New York City (Alfred A. Wheat, of New York City, of counsel, and Roswell S. Nichols, of New York City, on the brief), for respondents.

CLARKE, J. The plaintiff, a domestic corporation, has been engaged in the manufacture and sale of automobiles since 1907. It adopted and used the word "Simplex" as a trade-name and device in the form shown in the record; the distinguishing feature being that it is in script and that a flourish is carried from the top of the initial "S" above and along the full length of the word, the end of the flourish producing the crossbar of the final letter "x." This device it uses in and about its business, and attaches to the radiator of motor cars manufactured by it. It claims no exclusive right to the word "Simplex," conceding that it is in general use. It does claim such right to the form thereof used by it, but it has not registered the said device as a trade-mark.

The defendants are copartners doing business in the city of New York and elsewhere under the trade-name and style of David Kahnweiler's Sons, in the manufacture of fire extinguishers. They attach the word "Simplex," written in approximately the same style as used by plaintiff, to their fire extinguishers. The plaintiff neither manufactures nor sells fire extinguishers. The defendants neither manufacture nor sell automobiles. Although the plaintiff concedes that the defendants are entitled to use the word "Simplex," and it has not registered the particular device adopted by it, and it is obvious that plaintiff and defendants are engaged in entirely different lines of business, manufacturing and selling products as dissimilar as can well be imagined, the Special Term has restrained the defendants from the continued use of the device adopted by them upon the ground of unfair trade competition. To invoke the equitable remedy of injunction against unfair competition, plaintiff must first establish that there is competition. The granting of such remedy is based upon interference with plaintiff's customers, the diversion of its trade.

"A party may have a property in—that is, an exclusive right to use—a 'name, symbol, figure, letter, form, or device' to distinguish goods manufactured and sold by him from those manufactured and sold by others, or to indicate when or by whom, or at what manufactory, the article to which it is affixed is manufactured. This property right the courts will protect by injunction, and for its invasion the law gives compensation in damages. It is an infraction of that right, to print or manufacture, or put on the market for sale, and sell for use upon articles of merchandise of the same kind as those upon which it is used by the proprietor, any device or symbol which by its resemblance to the established trade-mark * * * and use of that which is not the manufacture of the proprietor, believing it to be his." Colman v. Crump, 70 N. Y. 573.

"The manufacturer of particular goods is entitled to the reputation they have acquired, and the public is entitled to the means of distinguishing between those and other goods; and protection is accorded against unfair dealing, whether there be a technical trade-mark or not. The essence of the

wrong consists in the sale of the goods of one manufacturer or vendor for those of another." Elgin National Watch Co. v. Illinois Watch Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365.

[1] But the right to the exclusive use of a trade-mark is limited to a use on the particular class of goods upon which it has been actually used, and other persons may use even the identical mark or name in connection with a different class of goods. Goods are in the same class, within this rule, whenever the use of a given trade-mark, or name or symbol, would enable an unscrupulous dealer to palm off on unsuspecting customers spurious goods as being the genuine goods of the proprietor of the trade-mark. Church & Dwight v. Russ (C. C.) 99 Fed. 276.

"Actual or probable deception on the part of customers by reason of defendant's practices must appear. Of course there must be actual competition before there can be any unfair competition." 38 Cyc. 759.

[2] Respondent itself says in its brief:

"This is not a technical trade-mark case; this is a case of unfair trade competition."

It requires a stretch of the imagination beyond the breaking point to conceive of a purchaser intending to buy one of plaintiff's motor cars being so deceived by defendants' use of this device as to buy one of its fire extinguishers instead. It is almost a trade classic for a clerk in a dry goods or druggist's shop, when out of a particular article asked for, to tender "something equally as good"; but even the most expert seller of Yankee notions would scarcely venture to substitute a fire extinguisher for an automobile. There is no evidence to sustain the finding of fraud or deception of the public or diversion of trade.

The judgment appealed from should be reversed, upon the law and the facts, and the complaint dismissed for lack of equity, with costs to the appellant in this court and at the Special Term. All concur.