ASTOR v. WEST EIGHTY–SECOND ST. REALTY CO. et al. (No. 7044.)

(Supreme Court, Appellate Division, First Department. April 9, 1915.)

TRADE-MARKS AND TRADE-NAMES ☞78—ADOPTION OF SIMILAR NAME—RIGHT TO RELIEF.

Where the owner of an apartment house, containing housekeeping apartments, but no public dining room, and in which no room service was furnished, and which was in no sense a hotel, or an apartment hotel, adopted therefor an arbitrary name, not previously used by any apartment house, hotel, or apartment hotel in the city, and the adoption of a similar name by a hotel containing suites of one or more rooms rented to transient guests, or for longer periods, in connection with which rooms there was no kitchen or other facilities for cooking, had caused and would cause no money loss to the owner of the apartment house, probably because of the dissimilarity of the apartment house and the hotel, the owner of the apartment house could not enjoin the use of such name in connection with the hotel, though such use caused annoyance and inconvenience

to his tenants, their guests, and the public, as he had no exclusive right to the use of such name, but at most could only restrain its use under such circumstances as were calculated to mislead the public.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 88; Dec. Dig. ⚜78.]

Dowling, J., dissenting.

Submission on an agreed statement of facts of a controversy between William Waldorf Astor and the West Eighty-Second Street Realty Company and others. Judgment for defendants.

The submission was on the following facts:

The plaintiff is the owner of an apartment house covering the block bounded by Broadway, West End avenue, Seventy-Eighth and Seventy-Ninth streets, which was opened for business in the month of August, 1908, and was called "The Apthorp," by which name it has since been commonly known. The apartments in this building consist of not less than 6 nor more than 12 rooms, and are rented under leases for not less than one year, and at rentals of from $1,800 to $6,500 a year. There is no public dining room in plaintiff's building, and no room service is furnished by him. The apartments are what are commonly known as housekeeping apartments, and the building is in no sense a hotel, or an apartment hotel.

About May 1, 1914, the defendants completed the construction of a building on the northeast corner of Broadway and Ninety-Fourth street, which on that date they opened and have since continued to operate as a first-class hotel. The defendants' hotel has suites of one or more rooms, which it rents to transient guests or for longer periods. In connection with these rooms there is no kitchen or other facilities for cooking food. With its hotel the defendants maintain and furnish the service of bellboys and of maids for the care of the rooms, and do all the laundry work made necessary by the use of the rooms. Since it was opened, defendants' building has been called and known as "Hotel Apthorp."

Since defendants' hotel was opened to the public, by reason of the similarity of names, the plaintiff's house has been and will continue to be confounded with and mistaken for the defendants' hotel, causing annoyance and inconvenience to plaintiff's tenants, their guests, and the public. Many letters, parcels, and packages are daily delivered at the plaintiff's house which are intended for guests of the defendants' hotel. There is a daily confusion of the two places in telephone calls, and on the part of individuals who call personally at one or the other of the two places. When the plaintiff's building was opened for business, there was no other apartment house, or hotel, or apartment hotel, in the city of New York, known or designated by the word "Apthorp," which was an arbitrary name assumed by the plaintiff for the designation of his said building.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Montgomery & Peabody, of New York City, for plaintiff.
Jacob I. Berman, of New York City, for defendants.

HOTCHKISS, J. The question submitted for our determination is whether plaintiff is entitled to a judgment restraining the defendants from using the name "Apthorp" in connection with its hotel. The facts submitted do not state that the plaintiff has suffered, or will at any time in the future suffer, any money damages whatsoever from the use by defendants of the word "Apthorp." The plaintiff's sole ground for relief arises from the inconvenience suffered by plaintiff's

tenants, guests, and the public arising from the similarity of names. Plaintiff's immunity from money loss is undoubtedly due to the dissimilarity of his apartment house and defendants' hotel, and to the fact that no one seeking such accommodations as plaintiff's building affords has ever mistaken it for defendants', or has been betrayed into becoming a guest or a tenant of the defendants, believing that he was a tenant of the plaintiff. I cannot find, nor am I referred to, any case where, under these or under any other circumstances, where no money damage is shown, an injunction has ever been granted. Hence inconvenience or annoyance, so far as I can find, has never been held sufficient, and on no principle applicable to such situations as the present could it be.

The plaintiff has no exclusive right to the use of the word "Apthorp" as a trade-name. Although there is a distinction in certain respects between trade-marks and trade-names, where injunctions are concerned, the rules applicable in the case of each are similar. Koehler v. Sanders, 122 N. Y. 65, 72, 25 N. E. 235, 9 L. R. A. 576. Plaintiff's right, at most, is to restrain others from using the name "Apthorp" in connection with any apartment house, or the letting of apartments, under such circumstances as are calculated to induce the public to believe that their building or apartments are those of the plaintiff. The situation must, as we held in Simplex Automobile Co. v. Kahnweiler, 162 App. Div. 480, 147 N. Y. Supp. 617, be one which discloses that competition exists; for without competition there can be no unfair competition, and hence no invasion of any equitable right. It is manifest that, if defendants have not infringed any right of the plaintiff, any inconvenience or annoyance he or his tenants may suffer from the confusion of names is merely incidental to the exercise of a legal right on defendants' part, and, so far as plaintiff is concerned, if any such annoyance or inconvenience is to be considered as damage in any sense, it must be damnum absque injuria.

The judgment should be for the defendants, with costs.

INGRAHAM, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur. DOWLING, J., dissents.