DICKEY v. MUTUAL FILM CORP. et al.

(Supreme Court, Special Term, New York County.   August 10, 1916.)

1. LITERARY PROPERTY ⊙═⇒8—DRAMATIC WRITINGS—VALUE.
      Although a play has not been produced for a period of one year, it is
   sufficiently valuable to be the subject of loss from competition.
      [Ed. Note.—For other cases, see Literary Property, Cent. Dig. § 7; Dec.
   Dig. ⊙═⇒8.]

2. TRADE-MARKS AND TRADE-NAMES ⊙═⇒8—ARBITRARY DESIGNATIONS.
      The name "The Come-Back," applied to a one-act play, is fanciful and
   not descriptive, and therefore subject to protection of equity.
      [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
   Dig. § 12; Dec. Dig. ⊙═⇒8.]

3. COPYRIGHTS ⊙═⇒13—ARBITRARY DESIGNATIONS—PRIORITY OF USE.
      Under the rule as to trade-marks, prior use of the title, "The Come-
   Back," for a play entitles the author to protection even against subse-
   quent use in copyrighted productions; the title not being subject to copy-
   right.
      [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 16; Dec. Dig.
   ⊙═⇒13.]

4. TRADE-MARKS AND TRADE-NAMES ⊙═⇒93(3)—ARBITRARY DESIGNATIONS—
   PRIORITY OF USE—ACCOUNTING.
      That plaintiff, whose play first used a title, submitted his play to mov-
   ing picture producers and they refused it after use by others of the same
   title for moving picture plays, is sufficient evidence of damages and loss
   of profits to allow an accounting against such other users.
      [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
   Dig. § 106; Dec. Dig. ⊙═⇒93(3).]

Action by Paul Dickey against the Mutual Film Corporation and
another.   Decree for plaintiff.

Nathan Burkan, of New York City, for plaintiff.

Seligsberg & Lewis, of New York City, for defendant Mutual Film
Corp.

CLARK, J.   [1-3] This is an action for an injunction and an ac-
counting.   Plaintiff is a dramatic writer.   Defendant is a moving pic-
ture producer.   Plaintiff wrote a one-act play called "The Come-
Back" which was produced on the stage first in March, 1911.   It has
been produced as recently as March, 1915.   Defendant has since at
least June, 1915, produced upon the screens a photo play called "The
Come-Back."   It is not claimed that the story of the play and the
photo play are similar; indeed, the sole similarity is in the title.   I
shall hold that although not now actually being produced, plaintiff's
play is sufficiently of value to be the subject of loss from competi-
tion, and that the name "The Come-Back" is not descriptive but
fanciful, and therefore subject in a proper case to the protection of an
equity court.   In the first place, I do not think that the prior copy-
right of two dramatic compositions under a similar name affects plain-
tiff's rights.   The title not being subject to copyright, its use is pro-
tected under the equitable rule applicable to trade-marks; that is,
priority of actual use gives priority of right to use and to protection.

⊙═⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Columbia Mill Co. v. Alcorn, 150 U. S. 460, 463, 14 Sup. Ct. 151, 37 L. Ed. 1144. Defendant's chief defense is that the case is merely one of coincidence, and that not every case of coincidence is unfair competition, at least in the absence of fraudulent intent. I do not think that fraudulent intent is involved in this case. It is true that coincidence in title is not per se unfair competition, as witness numerous cases cited by the defendant, beginning with the Apthorp Case. Astor v. West 82d St. Realty Co., 167 App. Div. 273, 152 N. Y. Supp. 631. These cases, as I read them, are decided on the ground that no competition exists. For instance, the Apthorp Case held that there was no competition between a hotel and an apartment house. In the case of Atlas v. Street & Smith, 204 Fed. 398, 122 C. C. A. 568, 47 L. R. A. (N. S.) 1002, it was held that there was no competition between novels and moving pictures of the same titles.

[4] It is clear that competition may exist between a play and a photo play, and that an injunction may arise from the mere use of a similar title I think is held by the case of Frohman v. Morris, 68 Misc. Rep. 461, 123 N. Y. Supp. 1090, Klaw & Erlanger v. General Film Co., 154 N. Y. Supp. 988, and Frohman v. Payton, 34 Misc. Rep. 275, 68 N. Y. Supp. 849. An injunction must therefore be granted in the present case.

On the question of an accounting, it appears that plaintiff had submitted his play in three-act form to various theatrical managers and moving picture producers subsequent to defendant's production, and that it had been rejected. This is sufficient evidence of damages and loss of profits to allow an accounting. Defendant contends that where no fraud is found there can be no accounting or damages. The rule, as I read the cases, is rather that in case of innocent competition courts are reluctant to decree an accounting and damages. While not specifically finding fraud or intentional unfair competition here, I nevertheless feel that on the facts the case is one for an accounting and damages to be determined by a referee to be appointed for the purpose.

Submit judgment and decree.