MAYER C. GOLDMAN and Another, Plaintiffs, *v.* R K O RADIO PICTURES, INC., Defendant.

Supreme Court, New York County, August 31, 1931.

*Lewis M. White*, for the plaintiffs.

*Cravath, deGersdorff, Swaine & Wood*, for the defendant.

SHIENTAG, J. The application for an injunction *pendente lite* is denied.

1. The proprietary interest of the plaintiffs in the title " The Public Defender," based upon their story of 1917, is not established with sufficient clearness in the moving papers. Their agreement with Ravel for the production of a silent motion picture under that title is not presented. The court should have the facts of the agreement, rather than the conclusions concerning it. If facts were presented substantiating plaintiffs' version of their agreement with Ravel, I should hold that the production of the picture by Ravel or his corporation operated as a user of the title by the plaintiffs, sufficient to give them a proprietary interest therein. (*Dickey* v. *Mutual Film Corp.*, 160 N. Y. Supp. 609; *Fisher* v. *Star Co.*, 231 N. Y. 414.)

2. There is some question as to whether the secondary meaning which may have attached to the plaintiffs' title, " The Public Defender," thirteen years ago, persists today, particularly in view of the fact that the story on which the picture was based was never published. ( *Underhill* v. *Schenck*, 238 N. Y. 7.) Publication of a story in a magazine (*International Film Service* v. *Associated Producers*, 273 Fed. 585) or the production of a play once a week for seven weeks (*Manners* v. *Triangle Film Corp.*, 247 id. 301) can

hardly be likened to a widespread exhibition for about two years of a motion picture with a striking title. Nevertheless a lapse of thirteen years in the use of a title, under the circumstances of this case, raises a question of fact as to whether the title still retains a secondary significance as a title suggestive of the plaintiffs' particular photoplay. This question of fact should be disposed of at the trial, rather than by immediate injunction.

3. In using the title " The Public Defender," the defendant did not, as charged by plaintiffs, perpetrate a fraud upon the public. The title was used with accuracy for the plaintiffs' photoplay, which centered around a legal officer, whose duty it was to look after the interests of poor defendants charged with crimes. A more accurate title for defendant's picture would have been " The Public Avenger," for it deals with the exploits of a modern knight errant who calls himself the " Reckoner," and who seeks to rid society of, and to bring to justice, certain malefactors who have conspired to ruin the father of the girl he loves. While not a descriptive title, it may fairly be said to be a fanciful one to which no exception could be taken were it not for the claim asserted by plaintiffs.

4. Plaintiffs have already substantially sustained the damage they claim, namely, that they are being prevented from selling their " speaking " dramatic, or " talking " picture rights, under the title now used by the defendant. On the other hand, defendant would be irreparably damaged if an immediate injunction were to issue. It has a large volume of contracts outstanding, and has expended a considerable sum for advertising. It is true that defendant knew a similar title had been used thirteen years ago, and failed to make an adequate investigation; but in view of the long lapse of time, I cannot say, on this application, that defendant's conduct was fraudulent. It is likewise true that a short time before the picture was actually exhibited under the title now in contest, defendant was advised of plaintiffs' claim thereto. At that time, however, a considerable expense had been incurred by the defendant. These circumstances, while of great significance, are not conclusive upon the right to a preliminary injunction.

5. The defendant in accordance with the new rule has consented to serve its answer immediately and stipulated that the cause may be set down for the first available date for the trial.

Motion for injunction *pendente lite* denied. Settle order which shall incorporate the defendant's stipulation. If plaintiffs do not object, the order will provide that the cause be set down for trial on the calendar of Special Term, Part III, for the 5th day of October, 1931.