LONG'S HAT STORES CORPORATION, Appellant, *v.* LONG'S CLOTHES, INC., Respondent.

First Department, November 2, 1928.

*Thomas McErlean* of counsel [*Briesen & Schrenk*, attorneys], for the appellant.

*Milton Hertz* of counsel [*A. Berton Reed* with him on the brief; *Strongin & Hertz*, attorneys], for the respondent.

PROSKAUER, J.   Since 1905 the plaintiff has conducted a business of selling at retail hats and haberdashery and at times clothing. During this time it has built up and now possesses a very valuable trade name and good will.   It has temporarily discontinued the sale of clothing, but declares an intention to resume that branch of its business.   It has a number of retail stores to which customers are attracted by the name " Long's."   In July, 1927, one Louis Goldberg, who had been engaged in the retail clothing business, caused the defendant to be incorporated under the name of " Long's Clothes, Inc.," and since then this corporation has been maintaining a retail clothing shop under its corporate name.   It is noteworthy

that no one possessing the name of Long is in any way connected with the defendant corporation and that in choosing its corporate name it adopted the identical possessive form, " Long's," which appears in plaintiff's corporate title. The defendant offers no explanation for this remarkable coincidence. The conclusion is irresistible that the defendant is seeking to get the advantage of the trade name and reputation of the plaintiff.

The court at Special Term has denied plaintiff's application for a temporary injunction restraining this unfair competition. The defendant resists injunctive relief substantially on the ground that it sells a different class of merchandise from that sold by the plaintiff. Plaintiff, however, is entitled to be protected not only from direct competition, but from any injury which might result to it from the deception of the public through the unauthorized use of its trade name, or a trade name which would lead the public to believe that it was in some way connected with plaintiff. Thus, in *Vogue Co.* v. *Thompson-Hudson Co.* (300 Fed. 509) the Circuit Court of Appeals enjoined a hat manufacturer from selling hats under a trade mark or label which bore a device that was the trade mark of a magazine known as "Vogue." DENISON, Cir. J., writes (p. 512): " There is no fetish in the word ' competition.' The invocation of equity rests more vitally upon the unfairness. If B. represents that his goods are made by A., and if damage therefrom to A. is to be seen, we are aware of no consideration which makes it controlling whether this damage to A. will come from market competition with some articles which A. is then manufacturing or will come in some other way."

In this case the plaintiff is damaged because the articles sold by the defendant are so closely related to those presently sold by the plaintiff and so identical with those which the plaintiff has sold and intends to sell in the future, that there is direct appropriation of the plaintiff's good will. In the enjoyment of its trade name the plaintiff is to be protected not only with respect to the merchandise it presently sells, but also with respect to that which the public would believe, through the deception practiced by the defendant, that the plaintiff was selling. When a trade mark has been used by the owner and by another on goods of the same class, " though different in species, the question whether they are so closely related — so near akin — as to be regarded as having the ' same descriptive properties ' arises." (*Rosenberg Bros. & Co.* v. *Elliott*, 7 F. [2d] 962, 964.)

On the showing that the two classes of merchandise involved are of the same general description, injunctions have been uniformly issued to protect the plaintiff's trade-mark and good will. (*Rogers*

v. *Majestic Products Corp.*, 23 F. [2d] 219; *Macy & Co.* v. *Carter & Sons*, 12 id. 190; *Kassman & Kessner, Inc.*, v. *Rosenberg Bros. Co.*, 10 id. 904; *Rosenberg Bros. & Co.* v. *Elliott*, 7 id. 962; *Akron-Overland Tire Co.* v. *Willys-Overland Co.*, 273 Fed. 674; *Aunt Jemima Mills Co.* v. *Rigney & Co.*, 247 id. 407; *Peninsular Chemical Co.* v. *Levinson*, Id. 658; *Kinsley* v. *Jacoby*, 28 Abb. N. C. 451; *Walter* v. *Ashton*, L. R. [1902] 2 Ch. 282; and cf. *Simplex Automobile Co.* v. *Kahnweiler*, 162 App. Div. 480.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted.

DOWLING, P. J., FINCH, MCAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted. Settle order on notice.