THE JOHN FORSYTHE COMPANY, INC., Respondent, *v.* THE FORSYTHE SHOE CORPORATION, Appellant.

First Department, January 15, 1932.

*Jeremiah T. Mahoney* of counsel [*Paul J. McCauley* with him on the brief; *Abraham N. Davis*, attorney], for the appellant.

*Maurice Deiches* of counsel [*Elwood G. Feldstein* and *James Allan Bernson* with him on the brief; *Deiches, Kaufman, Feldstein & Bernson*, attorneys], for the respondent.

SHERMAN, J.   Defendant has been enjoined from using the word " Forsythe " as part of its corporate name and from employing the name " Forsythe " or "Forsythe Shoes " as descriptive of its stores or goods, and in general from using the word " Forsythe " in its business, in any manner whatever.   The interlocutory judgment also provides for assessment of damages by a referee.

Prior to November, 1913, a corporation known as " John Forsythe Inc." conducted retail stores in New York city, selling men's and women's apparel including women's shoes.   John Forsythe, who had founded that business many years theretofore, directed the affairs of that corporation.   The business had long been in existence and was well and widely known.   Its merchandise had been extensively advertised and sold under the name " Forsythe " or " John Forsythe."   That corporation having been adjudicated a bankrupt in November, 1913, receivers sold certain of its assets, including its " right, title and interest, if any, * * * in the good will and to the trade name ' Forsythe ' and ' John Forsythe.' "

The purchasers within a short time thereafter caused plaintiff to be incorporated and it became the owner of that trade name.   Since that time it has conducted retail stores in New York city selling men's apparel and haberdashery and using the name " Forsythe " in extensive advertisements to designate its merchandise.   That name has been featured in its publicity and marks its places of business.   Plaintiff has not, however, dealt at any time in ladies' apparel or ladies' shoes, except that it has from time to time sold ladies' hosiery.

John Forsythe, about the year 1914, had caused another corporation to be organized, known as " John Forsythe Sons, Inc.," which, under his direction, dealt in women's apparel at a retail store in New York city from 1914 until 1924, when its business ceased.   Plaintiff had taken no steps to prevent the use by John Forsythe of his own name in that enterprise.

Defendant was incorporated in 1924 and has since been engaged in the business of selling, at retail, ladies' shoes branded with the word " Forsythe," and stockings and accessories commonly sold with women's shoes, in stores, one of which is located in the vicinity of those maintained by plaintiff.   It has largely advertised its shoes under that name and given that name prominence as descriptive of its merchandise.

As soon as plaintiff learned of the existence of defendant's stores and of its employment of this trade name proceedings were started to prevent what is claimed to be its unauthorized use by defendant.

No one by the name of " Forsythe " has ever been connected with defendant.   Its organizers explained at trial that they were led to

select that corporate name and to mark its merchandise with the word "Forsythe" because at an earlier date they had conducted the business of selling shoes in Forsyth street, New York city. The learned trial court has rejected this excuse, and has found in effect that defendant assumed its present corporate title and undertook to use the name "Forsythe" with knowledge that it had been popularized and used by others as a trade name. Thus, we are brought to recognize that it was so taken because defendant believed that it had value in attracting custom.

One of plaintiff's officers testified that it intends to engage in the sale of women's wear, including shoes, and this statement has been made the basis of an affirmative finding to that effect. The Special Term has also found that there is a great likelihood that the purchasing public may be deceived into believing that defendant's business is part of plaintiff's business.

It is urged that there is no proof of direct present competition between the parties in the sale of merchandise, or of any actual deception of the public. Of course, a woman would hardly be likely to enter plaintiff's haberdashery establishment in search of ladies' shoes, and a man would not expect to find shirts at defendant's shoe store. On the other hand, plaintiff contends that it has spent large sums of money in advertising its trade name and that it has come to indicate merchandise distinguished by high quality, fashionable design and excellent taste, and that the public may be led to believe from defendant's use of that name that plaintiff was engaged in its sale of women's shoes, possibly of inferior quality and lacking the merit of plaintiff's selecting taste; plaintiff's prestige would be thus diminished and customers dissatisfied. It asserts that the entire field of selling wearing apparel under that name in retail stores in this city (whether men's or women's) belongs to it.

The facts in this case, to a very considerable degree, are parallel with those disclosed in Long's Hat Stores Corp. v. Long's Clothes, Inc. (224 App. Div. 497). There plaintiff, which had conducted retail hat stores under the name "Long's," had temporarily discontinued the sale of clothing but intended to resume that branch of its business. Defendant started a retail clothing store under that name. No one of the name "Long" was connected with it; the conclusion was (p. 498) "irresistible that the defendant is seeking to get the advantage of the trade name and reputation of the plaintiff."

There, as here, there was no proof of actual and immediate direct competition. Both parties here are engaged in the sale of wearing apparel at retail and the logic of the rule underlying that decision must apply here. The gulf between men's apparel and women's apparel is not so wide that it can be held that there is no direct appropriation of plaintiff's good will under the facts here shown.

Appellant has cited authorities in this State which, it is argued, hold that there must be direct competition before an injunction will issue. On the contrary, the whole trend of decision is to prevent by injunction a threatened competition which is unfair, being calculated to impair the value of a trade name or to deceive the public. (*T. A. Vulcan* v. *Myers*, 139 N. Y. 364; *Albany Packing Co., Inc.,* v. *Crispo*, 227 App. Div. 591; *Wall* v. *Rolls-Royce of America*, 4 F. [2d] 333; *Vogue Co.* v. *Thompson-Hudson Co.*, 300 Fed. 509; *Armour & Co.* v. *Master Tire & Rubber Co.*, 34 F. [2d] 201.)

In *Eastern Construction Co.* v. *Eastern Engineering Co.* (246 N. Y. 459) the name was geographic and had been used by other contracting companies, the competition was in bidding for public work and there was no finding that the name tended to deceive the awarders of contracts for such work; there was further no inference that defendant had chosen its name to derive a benefit at plaintiff's expense. The situation there presented is thus, in salient features, totally different from the facts shown in this case.

Almost invariably the selection by a defendant for use in his business of a trade name or mark which has theretofore been used and advertised by another, is for the purpose of appropriating its value and reaping the benefit of the labor of him who may have made that name an emblem of quality, or of taste, or a symbol of fair dealing. Equity does not shirk from interfering to prevent such spoliation. Names other than plaintiff's there are in plenty which defendant could have selected.

In *Yale Electric Corporation* v. *Robertson* ([C. C. A.] 26 F. [2d] 972) Judge L. HAND writing said: " It has of recent years been recognized that a merchant may have a sufficient economic interest in the use of his mark outside the field of his own exploitation to justify interposition by a court. His mark is his authentic seal; by it he vouches for the goods which bear it; it carries his name for good or ill. If another uses it, he borrows the owner's reputation, whose quality no longer lies within his own control. This is an injury, even though the borrower does not tarnish it, or divert any sales by its use; for a reputation, like a face, is the symbol of its possessor and creator, and another can use it only as a mask. And so it has come to be recognized that, unless the borrower's use is so foreign to the owner's as to insure against any identification of the two, it is unlawful."

The judgment appealed from should be affirmed, with costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment affirmed, with costs.