Tiffany & Company, Respondent, v. Tiffany Productions, Inc., Appellant.*

Present — Finch, P. J., Merrell, Martin, Sherman and Townley, JJ.; Sherman and Townley, JJ., dissenting.

Sherman, J. (dissenting): Plaintiff, a corporation, has for a great many years conducted a jewelry business in New York city, and defendant for nearly twelve years has been engaged in the production and exhibition of moving pictures throughout the United States. This action was commenced in June, 1930, to secure a permanent injunction restraining defendant from making use of the word " Tiffany " in its name or advertising, and plaintiff has judgment for that relief. There is no possibility or at any rate no reasonable probability of any present or prospective business competition between them. No one could be misled into believing that when entering a theatre to view one of defendant's pictures, he was dealing with plaintiff, nor could any intending purchaser of plaintiff's merchandise expect to find it on display or sale at defendant's office, or in the theatres where its productions are exhibited. The sweeping judgment below is sought to be sustained upon the reasoning applied in *Forsythe Co., Inc., v. Forsythe Shoe Co.* (234 App. Div. 355; modfd., 259 N. Y. 248) and *Long Hat Stores Corp.* v. *Long's Clothes, Inc.* (224 App. Div. 497) and kindred cases. In each of those cases there were competitive features, and the field of plaintiff's enterprise was narrowed by an appropriation of plaintiff's name and its application to definite articles of trade. Moreover, the plaintiffs there either formed an intent to engage in the line of business which defendant had commenced, or had at one time actually been so engaged and contemplated re-entering the business. There are other enterprises in New York city in which business is transacted under a title containing the word " Tiffany." There is a street in that city of like name. In my opinion its use does not denote that plaintiff is interested in every business with which that word may be associated. Let us suppose the incorporation, for instance, of the Tiffany Butcher Shop to deal in meats. Would any one be justified in concluding therefrom that plaintiff was interested in that business? The fact that some of the pictures

---

* Affd., 262 N. Y. —.

produced by defendant may be repugnant to plaintiff's taste, and that it holds the view that defendant has brought the word " Tiffany " into a line of business with which it does not choose to be associated, cannot warrant the judgment of injunction. There must be actual pecuniary damage present or threatened before an injunction will issue. That extraordinary remedy may not be resorted to in aid of mere sentiment; not even to protect a married woman against the usurpation of her name by another woman living illicitly with her husband and masquerading as his wife. (*Baumann* v. *Baumann*, 250 N. Y. 382.) It does not undertake to relieve against mere annoyance caused by those who may be inconsiderate of the feelings and business interests of others. (*Marlin Fire Arms Co.* v. *Shields*, 171 N. Y. 384.) These views would lead to a dismissal of the complaint. However, the exhibits in this case show that defendant over a period of years prior to the institution of this action had advertised in such a way as might suggest to an uninformed public that its moving pictures might have had some connection with the jewelry business of plaintiff. It used a diamond displayed prominently in connection with its name and referred to some of its pictures as " gems " and used type in its periodical advertising which may be said to simulate plaintiff's. In spite of the proof that they had ceased such practices long before the trial of this action, plaintiff should have protection against the recurrence of such acts. In accordance with the spirit of the injunction granted in *Tecla Corp.* v. *Salon Tecla, Ltd.* (249 N. Y. 157), the judgment appealed from should be modified to provide that the defendant be restrained from employing in its advertising, words, phrases or trade-marks calculated to emphasize the similarity of names of the plaintiff and defendant companies so forcibly as to suggest to the public an identity of origin or management. This course was followed in *Tecla Corp.* v. *Salon Tecla* (*supra*), where the judgment was finally modified to permit each party to use the word " Tecla " under conditions which would avoid confusion. An examination of the record in that case reveals that the relief ultimately granted was not expressly demanded, for plaintiff there insisted that defendant might not use the word " Tecla " in any connection, just as plaintiff has done here with respect to the word " Tiffany." The judgment appealed from, accordingly, should be modified as indicated above, and, as so modified, affirmed. Townley, J., concurs.