GEORGE W. RECTOR, Plaintiff, *v.* RECTOR's TAVERN, INC., and Another, Defendants.

Supreme Court, Special Term, New York County, May 24, 1937.

*William Roth* [*William Roth* and *George D. Zahm* of counsel], for the plaintiff.

*Irving Gordon* [*Irving Gordon* and *Emanuel Wexler* of counsel], for the defendants.

HOFSTADTER, J.   It is clear from the record that George W. Rector has established a national reputation *in his own right* in the culinary arts and traditions.   It is conceded that no person bearing the name " Rector " is in any manner identified or associated with the defendants.

While the plaintiff is not at present actually engaged in conducting a restaurant, all of his activities have pertained to the preparation and dispensing of food products, and in this connection the name " Rector " has acquired a secondary meaning. The arbitrary use of the name by the defendants impinges on the reputation thus created.

Active competition is no longer essential for injunctive relief under the doctrine of unfair competition. Such relief will be afforded where there is a possible danger to reputation and credit arising from a confusion of identity where the parties are engaged in business of a kindred character (*Buick Motor Co.* v. *Buick Used Car Exchange, Inc.*, 132 Misc. 158; *Ford Motor Co.* v. *Cady Co., Inc.*, 124 id. 678; *Duro Co.* v. *Duro Co.*, 27 F. [2d] 339), or where the nature of the business is dissimilar (*Tiffany & Co.* v. *Tiffany Productions, Inc.*, 147 Misc. 679; affd., 262 N. Y. 482; *Yale Electric Corp.* v. *Robertson*, 26 F. [2d] 972; *Wall* v. *Rolls-Royce Co. of America*, 4 id. 338; *Vogue Co.* v. *Thompson-Hudson Co.*, 300 Fed. 509).

The reputation which the plaintiff has acquired through his manifold activities in the culinary field and the secondary significance arising therefrom is entitled to protection; especially where the plaintiff contemplates re-establishing himself in the restaurant business. Such endeavor is a natural and logical extension of his present activities. Under these circumstances the defendants may not preempt the use by the plaintiff of his own name and reputation. (*Forsythe Co., Inc.*, v. *Forsythe Shoe Corp.*, 234 App. Div. 355, 357; modfd. in other respects, 259 N. Y. 248; *Long's Hat Stores Corp.* v. *Long's Clothes, Inc.*, 224 App. Div. 497; *Finchley, Inc.*, v. *Finchly Co., Inc.*, 40 F. [2d] 736, 738.)

Accordingly, the defendants will be enjoined from using the name " Rector " in connection with their restaurants. They may modify that name by any change of letter which will prevent confusion, and the decree to be entered hereon shall become effective three months from the date of its entry to enable the defendants to make the appropriate change.

Judgment for the plaintiff. Submit proposed findings and conclusions by June 1, 1937.