THE STANLEY WORKS, Plaintiff, *v.* DECORATIVE CABINET CORPORATION, Defendant.

First Department, December 23, 1938.

*Lanier McKee* of counsel [*Morrison T. Hankins* and *William Sherman Greene, Jr.*, with him on the brief; *Hervey, Barber & McKee*, attorneys], for the plaintiff.

*Bernard G. Nemeroff*, for the defendant.

CALLAHAN, J.  This is a submission of a controversy on an agreed statement of facts (Civ. Prac. Act, §§ 546–548).

An injunction is sought by the plaintiff to restrain the defendant from an alleged infringement of plaintiff's trade-mark, and defendant's unfair competition with plaintiff.

The facts, in so far as material, may briefly be stated as follows:

Plaintiff, a Connecticut corporation, licensed to do business in the State of New York, has since 1842 been in the business of manufacturing hardware. The business is now conducted on a very extensive scale, and includes the manufacture of thousands of hardware articles, among which are door equipment and door hardware.

In 1931 plaintiff placed on the market a photo-electrically controlled door operating equipment which caused the door to open automatically by air pressure upon the interception of a beam of light. For the purpose of distinguishing this door plaintiff adopted in 1931 the term " Magic Doors," and has used that term in connection with such equipment since that date. It registered the term as a trade-mark in June, 1936, in the United States Patent Office. It disclaimed the right to the word " doors " in connection with its trade-mark.

Since 1931 plaintiff has installed 164 of the so-called " Magic Doors " in public or semi-public buildings in New York. On these doors it affixed a metal plate bearing the words " Magic Doors," and a similar label was pasted on shipping tags sent with the doors when shipped. It has spent $11,500 in advertising these doors.

Defendant is a New York corporation engaged in the manufacture of closets and cabinets. Among the articles made by it is a fibre closet for the storage of clothes in the home, which opens and closes by means of a vertically sliding door on the front thereof.

Defendant first used the fanciful name of " E-Z-Do " in connection with some of its closets and registered same in the United States Patent Office and in the State of New York. In November, 1936, it applied the fanciful name " Rol-A-Dor " to the flexible doors in its fibre closets and registered said name in the United States Patent Office. The following year the trade-mark was registered with the Secretary of State in the State of New York.

Extensive advertising campaigns were conducted by the defendant in connection with the fibre closets, in all of which the advertisements carried the name " E-Z-Do " and " Rol-A-Dor " prominently displayed.

In December, 1937, defendant then began to manufacture a new type of " E-Z-Do Rol-A-Dor " closet. In this closet the front flexible door automatically slid up, in the manner of a curtain, by reason of a spring attachment which operated when pressure was put upon a snap which released the closet door and placed the spring in operation. The new closet would otherwise have the same construction and size as the old " E-Z-Do " and

" Rol-A-Dor." Both types of closet were manufactured thereafter, and, in order to distinguish the closet in which the door worked automatically, defendant used the word " Magic " in connection with this type, calling its fibre closet with the automatic door " E-Z-Do Magic Rol-A-Dor." It caused the name " Magic Door " to be registered with the Secretary of State of the State of New York in December, 1937.

Early in 1938 the defendant carried on an advertising campaign in which the new product was described as " E-Z-Do Magic Rol-A-Dor," and $75,000 has been spent to date on such advertising.

Plaintiff contends that " Magic Doors " is a valid trade-mark and its property, and that the defendant is infringing on its rights and is guilty of unfair competition in the use of the word " Magic " in connection with the sale of its fibre closets having the automatic doors.

Giving due consideration to all of the facts involved, and the rules of law applicable thereto, we fail to find any cause for injunctive relief. Because the use by defendant of the word " Magic " in connection with the terms " E-Z-Do " and " Rol-A-Dor," in order to describe a fibre clothes closet for use in homes, is so different from that of plaintiff's use of the word " Magic " in connection with a photo-electrically controlled door to a building, we see no possibility of a confusion by the public either as to goods or origin in connection with what defendant is doing. Nor can we see any likelihood of injury to the plaintiff therefrom. Plaintiff's advertising shows that in almost all instances it uses the term " Magic Doors " in connection with its name Stanley, a common form of advertising being " Stanley Magic Door Control," " Stanley Magic Doors," or the Stanley Works " Magic Door Division."

The question of whether plaintiff actually adopted as a trade-mark the words " Magic Doors " would not depend upon the registration thereof, but the use. While the word " Magic " is suggestive, if not descriptive, we do not hold that the use thereof might not create a valid trade-mark merely because used in association with the name of the manufacturer. To sustain a charge of infringement, however, it must at least appear that defendant's use of the mark related to goods in the same class, and, to constitute unfair competition, that it has a tendency to confuse the public.

That the plaintiff used the word " Magic " in conjunction with its own name, " Stanley," and the word " Door," and the defendant used the word " Magic " only in connection with the words " E-Z-Do " and " Rol-A-Dor," would eliminate liability of decep-

tion. When, in addition, the defendant's use related solely to a fibre closet and the plaintiff's to the main or important doors in a building, goods of a very different nature, the likelihood of confusion, either as to goods or origin, is further eliminated. The case differs from those where the words duplicated are part of plaintiff's name. Such a duplication lends itself to confusion as to the source of goods. We do not have that element here.

We find neither unfair competition nor any actionable infringement.

Judgment should be rendered for the defendant, with costs.

GLENNON, DORE and COHN, JJ., concur; MARTIN, P. J., dissents. (See *Tiffany & Co.* v. *Tiffany Productions, Inc.*, 237 App. Div. 801; affd., 262 N. Y. 482; *Forsythe Co., Inc.*, v. *Forsythe Shoe Corp.*, 234 App. Div. 355; modfd., 259 N. Y. 248; *Vick Chemical Co.* v. *Vick Medicine Co.*, 8 F. [2d] 49; affd., 11 id. 33.)

Judgment directed in favor of the defendant, with costs. Settle order on notice.