DIESEL OIL & BURNER CORP. of N. Y., Plaintiff, *v.* NEW YORK DIESEL HEATING CORP. et al., Defendants.

Supreme Court, Special Term, Queens County, February 10, 1950.

*William Kerwick* for plaintiff.

*Daniel J. Siegler* for defendants.

HILL, J. Plaintiff brings this action to enjoin the defendants from unfair competition, and the title of the action suggests the complaint.

The plaintiff corporation was organized on February 10, 1936; the defendant corporation on January 22, 1948. Both sell oil burner and heating equipment. The plaintiff has a Manhattan address; the defendant Queens. Both serve the Queens County territory. The plaintiff has advertised in the metropolitan papers and on billboards in the territory served since 1936, expending large sums of money therefor. The defendant also advertises, but to a lesser extent. During the last few years the plaintiff's business has dropped considerably, it claiming but not proving that the defendants' unfair competition is the cause.

Harry D. Nims writes in his Fourth Edition of " The Law of Unfair Competition and Trade-marks " (Vol. 1, p. 1): " The rules known as ' The Law of Unfair Competition ' represent one of the romances of legal history, and one of the most cogent proofs of the inherent power of Anglo-Saxon common law to grow, and to adapt its growth to the progress of mankind. In 1901, Mr. W. K. Townsend said of this law: ' Not yet fully adopted by all courts, still to be developed in its application to particular circumstances and conditions, this broad principle of business integrity and common justice is the product and the triumph of the development of the law of trade-marks in the last half century, and the bulwark which makes possible and protects the world-wide business reputations common and growing more common in this new country.' The roots of this cause of action are hard to find; yet there are various analogies in the common law. Like most doctrines of that law, it undoubtedly is an outgrowth of human experience in the simple life of earlier days."

The courts are not bound by any strict rules in a case of this nature. General terms understood by every business man are used, for example, " reaping the benefits of another's industry," " unfair," " dishonest," " misrepresentation ".

The rule applicable was stated in the jargon of the highway: " Unfair competition is a species of commercial hitch-hiking which the law finds offensive, and, therefore, prohibits ". (*Bard-Parker Co.* v. *Crescent Mfg. Co.*, 174 Misc. 356, 360.)

The similarity of names which causes confusion is largely a matter of impression. The similarity may be visual or auditory. Casually glancing at the names of the plaintiff and the defendant corporation in this case reveal little similarity, but repeating them aloud a few times is just the opposite. The dominant words " Diesel " and " New York " suggest a joint entity. The word " Diesel " is not descriptive of the products of either the plaintiff or defendant corporation, neither sell Diesel motors or services or oil. Any other name would have served any honest purpose equally well, and many could be thought of which would be more descriptive of the declared purposes of organization.

An officer of the defendant corporation was asked why he chose the name " New York Diesel Heating Corp." and his reply was that he did not know. With hundreds of names to choose from — names much more descriptive of the said defendant's business — it is fair to assume that he chose the name to reap some of the benefits of plaintiff's advertising and reputation. The defendant's representatives have not suggested that it will be harmed if it is compelled to use another name.

It follows that the plaintiff is entitled to an injunction, restraining the defendant corporation, its officers, agents, servants and employees from using the name of " New York Diesel Heating Corp." Judgment accordingly, with costs to the plaintiff.