MARTHA WASHINGTON CANDIES Co., INC., Appellant, v. MARTHA WASHINGTON ICE CREAM Co., INC., et al., Respondents.

First Department, June 3, 1952.

*Harold Greenwald* of counsel (*Roberts B. Larson* with him on the brief; *Greenwald, Kovner & Goldsmith,* attorneys), for appellant.

*Nathaniel T. Helman* for respondents.

*Per Curiam.* This is a suit in equity for an injunction and damages by Martha Washington Candies Co., Inc., based upon trade-mark infringement and unfair competition in defendants' adoption and use of the name " Martha Washington " as their trade-mark in the marketing of frozen confectionery products. After a trial had before an Official Referee, a judgment was rendered dismissing the complaint. Plaintiff appeals.

The evidence showed that the name " Martha Washington " was adopted by plaintiff's predecessor in 1892 in the distribution of candies. Since, it has been used by him and by his successors who include plaintiff to identify its confectionery products and ice cream, such use with respect to candies extending over many parts of the country. Plaintiff's manufacture and sale of " Martha Washington " ice cream commenced in 1928 and continued until 1943, when it was interrupted during the war.

In plaintiff's operations during the years, it always used the trade-mark " Martha Washington " on its stores, products, trucks, window displays, and on its labels. Previous to World War II it conducted several stores in the State of New York and one in the city. It has carried on an extensive mail-order and parcel-post business, which included many shipments to New York City.

The name " Martha Washington " forms a material part of thirteen United States and New York State trade-mark registrations issued to plaintiff in the year 1892 and in subsequent years.

Defendants selected the name " Martha Washington " in 1946 and thereafter used it without any search of the trade-marks registered in the United States Patent Office or in the office of the Secretary of State of New York. Their exploitation of the name " Martha Washington " could and did result in actual confusion and in misleading the public with respect to the origin of the products of the parties. When, in November, 1949, plaintiff, upon hearing of defendants' infringement, demanded a discontinuance of the use of the name, such request was ignored.

There is no substantial basis for a finding that plaintiff ever abandoned the name or the trade-mark. Cessation of its candy operations never took place. Intent to abandon its operations

and to relinquish its trade-marks was completely negated by renewal of these trade-marks during the period of alleged abandonment and the uninterrupted use thereof in the sale of candies.

Plaintiff's candies and defendants' frozen products constitute confectionery. The precise nature of the products of the parties is not of primary significance. It has repeatedly been held that the use of like names or trade-marks even on noncompeting goods is unfair competition and entitles the aggrieved party to injunctive relief. (*Tiffany & Co.* v. *Tiffany Productions,* 147 Misc. 679, affd. 237 App. Div. 801, affd. 262 N. Y. 482; *Forsythe Co.* v. *Forsythe Shoe Corp.,* 234 App. Div. 355, mod. 259 N. Y. 248; *Long's Hat Stores Corp.* v. *Long's Clothes,* 224 App. Div. 497; *Marvlo Mills* v. *Marvel Mills,* 170 Misc. 770, affd. 258 App. Div. 715; *Great Atlantic & Pacific Tea Co.* v. *A. & P. Radio Stores,* 20 F. Supp. 703.)

Plaintiff has a property right in the trade-name " Martha Washington " which is entitled to protection against unauthorized use. The sale of related products in the same area by defendants under the identical trade-name portends a likelihood of continuing confusion sufficient to warrant equitable interposition. Plaintiff made out a case of infringement of its trade-marks and unfair competition by defendants in their use of the name " Martha Washington ".

Plaintiff, however, adduced no proof of damages arising from defendants' specialized activity. Reduced to its simplest terms, the action is one by which plaintiff primarily seeks to restrain defendants in the use of the name " Martha Washington ". That relief should have been granted on the facts shown.

The judgment should be reversed, with costs to appellant, and judgment directed to be entered in favor of plaintiff for the injunctive relief demanded in the complaint. Settle order containing findings in accordance herewith.

PECK, P. J. (dissenting). I am inclined to think upon the whole case, particularly plaintiff's complete absence from the State during the years 1943 to 1949, its cessation of the ice cream business throughout the United States in 1943 and only slight resumption of that business in 1948 in places far removed from New York, and the establishment in the intervening years of defendants' substantial business, confined to this State, that the issuance of an injunction is not necessary to protect plaintiff's business and would be inequitable. I, therefore, dissent and vote to affirm.

COHN, VAN VOORHIS and HEFFERNAN, JJ., concur in *Per Curiam* opinion; PECK, P. J., dissents and votes to affirm, in opinion.

Judgment reversed, with costs to the appellant, and judgment is directed to be entered herein in favor of the plaintiff for the injunctive relief demanded in the complaint. Settle order on notice containing findings in accordance with the opinion herein.