ALBRO METAL PRODUCTS CORPORATION, Appellant, *v.* GEORGE E. ALPER et al., Individually and as Copartners Doing Business under the Name of ALBRO STEEL COMPANY, Respondents.

First Department, December 16, 1952.

*Louis D. Frohlich* of counsel (*Lawrence C. Gibbs* and *David H. Horowitz* with him on the brief; *Schwartz & Frohlich,* attorneys), for appellant.

*Isidor Neuwirth* for respondents.

*Per Curiam.* The trial court dismissed the complaint in this action for an injunction and plaintiff appeals.

Plaintiff is a corporation named " Albro Metal Products Corporation ". Defendants are individuals doing business under the assumed name of " Albro Steel Company ". The injunction sought was against the use of the name " Albro " in connection with defendants' business.

Plaintiff's corporate existence and name date back to 1931, and for the past twenty years it has been engaged in the business of fabricating steel, aluminum and bronze products. Defendants, two brothers and their mother, have been engaged for several years in the business of selling structural steel, but not until late 1950 did they assume the name Albro Steel Company, explaining it as an acronym for the words Alper Brothers. Prior to that time they were doing business under the name of Queensborough Steel Company or Alper Brothers.

Although a Queens business never before listed in the Bronx telephone directory, defendants listed their new name in the Bronx telephone directory, where plaintiff has its principal office. The confusion which one might expect to result from such similarity of names of concerns in related business fields was soon manifested through misdirected inquiries, telephone calls and mail.

Although the parties may not be in competition, and we might even accept defendants' statement that they did not know of plaintiff's name and business at the time they adopted the name Albro, it is still sufficiently clear upon the facts that confusion is likely and that plaintiff is entitled to the protection of its name against the incursion of defendants (*Tiffany & Co.* v. *Tiffany Productions,* 147 Misc. 679, affd. 237 App. Div. 801, affd. 262 N. Y. 482; *Long's Hat Stores Corp.* v. *Long's Clothes,* 224 App. Div. 497; *Martha Washington Candies Co.* v. *Martha Washington Ice Cream Co.,* 280 App. Div. 256).

The judgment appealed from should be reversed and an injunction granted.

Peck, P. J., Callahan, Van Voorhis and Breitel, JJ., concur.

Judgment unanimously reversed, with costs to the appellant, and the injunction granted. Settle order on notice.