Felix O. Benvenga, J.
In this action of unfair competition, plaintiffs seek to enjoin defendants from using “ Harvey-Machine ” and “ Harvey Aluminum ” as part of their corporate names.
*1079 The complaint sets forth two causes of action. The first is based on the common law of unfair competition and infringement of plaintiffs’ trade name and mark; the second is for a violation of section 964 of the Penal Law, which not only makes it a misdemeanor to use another’s trade name or mark with intent to deceive or mislead the public, but also provides for injunctive relief under such circumstances.
Leo Harvey (hereinafter referred to as Harvey) is the founder of corporate plaintiffs. In 1913, he started to manufacture, distribute and sell machines, tools, dies and metal products. Three years later, he filed a certificate of doing business under the name of Harvey Machine Co. In 1938, he formed a partnership with his son, Lawrence, who had been employed in the business for 10 years. The business increased in size, particularly in the field of the manufacture of items out of sheet aluminum, altuninum forgings and tubular aluminum.
In 1942, the business was incorporated under the name of Harvey Machine Co., Inc. (hereinafter referred to as “ Harvey Machine ”). The founder, Leo Harvey, became and still is president; his son, Lawrence, became and still is executive vice-president and chairman of the board; his brother Herbert and a grandson, Homer, became and still are vice-presidents. In other words, plaintiffs have been and still are family corporations.
Thereafter, Harvey Machine adopted and used ‘ ‘ Harvey Aluminum” as a trade name and mark. It advertised that name and mark in newspapers, magazines and other periodicals; impressed or stamped that name and mark on its aluminum products, and printed it on boxes, carton and crates containing such products. To handle its continually increasing volume of business, Harvey Machine established sales offices under the name “Harvey Aluminum” in various parts of the country. In 1952, it formed plaintiff Harvey Almninum Sales, Inc., to maintain and conduct these offices, and formed plaintiff Harvey Aluminum Inc., to exploit large deposits of bauxite (a principal source of aluminum) in British Guiana.
Moreover, Harvey Machine purchased a manufacturing plant in California and a chemical research plant in Oregon. It also established in Oregon a plant for the production of primary aluminum, which, when completed, will place Harvey Machine and its two subsidiaries in the category of one of the largest independent extruders of aluminum products and one of the largest primary producers of raw aluminum. Indeed, plaintiffs’ gross sales of aluminum for the year ending December, *1080 1953 (when, as will appear, defendant Richter organized Harvey Aluminum Corp.), amounted to almost $21,000,000.
Harvey Richter (hereinafter referred to as Richter) formed the corporative defendants. Beginning with 1929, he engaged in various businesses under his own and under various trade names, including Harvey & Co., Harvey Kahn Co., and Harvey Jans Co. Since 1945, Richter seems to have confined his business activities to the purchase and sale of “ surplus ” aluminum and other metals under various trade names, including Aluminum Buying Corp., AAA Aluminum Co., DuBetta Metals Co., and DuBetta Metals Corp. Indeed, following the formation of DuBetta Metals Corp., in 1946, Richter seems to have conducted the major part of his business under that corporate name until the failure of that corporation in December, 1953, when he formed defendant Harvey Aluminum Corp., and continued in the same line of business. Prior thereto, in 1951, Richter had organized defendant Harvey Machine Shop Specialists, Inc., to fabricate aluminum and do machine work, but that company never actually engaged in any such business.
Unfair competition is a form of unlawful business injury. Originally, it consisted in palming off, or in attempting to pass off, the goods, products or business of another as and for one’s own goods, products or business. In the modern acceptation of that term, it includes not only any misrepresentation as to one’s goods, products or business, but also any misappropriation of the trade name, trade-mark, reputation, or good will of another (White Studio v. Dreyfoos, 221 N. Y. 46, 49; Metropolitan Opera v. Wagner-Nichols Recorder Corp., 199 Misc. 786, 795, 800, affd. 279 App. Div. 632), any species of “commercial hitch-hiking ” (Bard-Parker Co. v. Crescent Mfg. Co., 174 Misc. 356, 360; Diesel Oil & Burner Corp. v. New York Diesel Heating Corp., 197 Misc. 598, 599, affd. 277 App. Div. 881).
Equity will, therefore, enjoin as unfair competition the adoption or use of the trade name, trade-mark or advertising of another, where the apparent purpose is to reap where one has not sown, or to gather where one has not planted, or to build upon, or profit from, the name, reputation, good will or work of another (Forsythe Co. v. Forsythe Shoe Corp., 234 App. Div. 355, 358; Tiffany & Co. v. Tiffany Prods., 147 Misc. 679, 681, affd. 237 App. Div. 801, affd. 262 N. Y. 482; Berolio Import Co. v. N. Katsoris, Inc., N. Y. L. J., June 5, 1953, p. 1902, col. 5, affd. 283 App. Div. 933). It is not essential, however, to constitute unfair competition, that there be an actual intent to deceive or mislead the public (Higgins Co. v. Higgins *1081 Soap Co., 144 N. Y. 462, 469, 471; Madison Square Garden Corp. v. Universal Pictures Co., 255 App. Div. 459, 464; Overseas News Agency v. Overseas Press, 185 Misc. 1010, 1011), unless the cause of action is based upon section 964 of the Penal Law (Association of Contr. Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495, 501; Matter of Julius Restaurant v. Lombardi, 282 N. Y. 126, 129-130, 132). Nor is it any excuse or justification that defendant is using his own name or any part of it, or that the parties are not in actual competition or in identically the same line of business (Ed Sullivan v. Ed Sullivan Radio & T.V., Inc., 1 A D 2d 609, 611; Albro Metal Prods. Corp. v. Alper, 281 App. Div. 68, 69; Astor v. Williams, 1 Misc 2d 1026, 1028, affd. 272 App. Div. 1052; Robert Reis & Co. v. Herman B. Reiss, Inc., 63 N. Y. S. 2d 786, 804, 807). The test is whether the use by defendants of plaintiffs’ name or mark is likely to confuse and mislead the public and injure plaintiffs’ name, reputation, good will or business (Ed Sullivan v. Ed Sullivan Radio & T.V., Inc., supra; Albro Metal Prods. Corp. v. Alper, supra; New York World’s Fair 1939 Inc. v. World’s Fair News, 163 Misc. 661, 665, affd. 256 App. Div. 373; Jasco Aluminum Prods. Corp. v. Hasco Mfg. Corp., 143 N. Y. S. 2d 186)_
_ The evidence in the case at bar brings it fairly within the test. Defendants have adopted and are using corporate names closely similar to plaintiffs’ names and mark. Such use has resulted in deception and confusion; and, unless restrained, will result in irreparable harm and injury to plaintiffs’ name, reputation and good will. In principle, the instant case is strikingly similar to, and hardly distinguishable from, the recent Sullivan and Albro cases (supra). As has been so aptly remarked: “Almost invariably the selection by a defendant for use in his business of a trade name or mark which has heretofore been used and advertised by another is for the purpose of appropriating its value and reaping the benefit of the labor of him who may have made that name an emblem of quality, or of taste, or a symbol of fair dealing. Equity does not shirk from interfering to prevent such spoliation. Names other than plaintiff’s there are in plenty which defendant could have selected ” (Forsythe Co. v. Forsythe Shoe Corp., 234 App. Div. 355, 358, supra; Tiffany & Co. v. Tiffany Prods., 147 Misc. 679, 681, supra).
It follows that, if defendant Richter desires to continue in the same line of business (and there is no reason why he should not), he should be compelled to discontinue the use of “ Harvey Aluminum” and “Harvey Machine” in connection with any trade or corporate name.
*1082 Judgment is therefore directed for the plaintiff for the relief, demanded, without costs. The parties having waived findings of fact and conclusions of law, are directed to settle judgment in accordance with this decision.