Louis L. Friedman, J.
Plaintiff, a telephone answering service, moves for a temporary injunction restraining the defendant from using the name of “ Cliffcorn ” in connection with defendant’s telephone answering service business, and from soliciting, canvassing or advertising for customers who are now serviced by the plaintiff. Plaintiff also asks that defendant be restrained from furnishing to anyone the names and addresses of plaintiff’s customers, and directing defendant to remove the said name “ Cliffcorn ” from stationery, advertising and other business papers, and from otherwise continuing in acts of unfair competition as claimed in plaintiff’s complaint.
The defendant Deutschel is also known by the name of Cliff-corn. Originally, it was this family name of Cliffcorn which was used in forming the plaintiff corporation, and at the time the corporation was so formed defendant was actively engaged as an officer, director and stockholder of said corporation. In 1944, a telephone answering service was started by the defendant and the plaintiff corporation was formed by defendant in the year 1948. In August of 1950, defendant sold her stock in said corporation to one Aurnou, as a result of which he continued, in the corporate name, the business originally started by this defendant. The purchase price for this business was in excess of $50,000, and the principal asset of the corporation at that time was a customer list containing some 435 names. Even the telephone switchboards were not owned by the plaintiff corporation at that time, since they were rented from the Telephone Company. As part of the agreement of sale, a restrictive covenant was entered into by the defendant in which she agreed that she would not engage in a business similar to that conducted by the corporation, for a period of five years.
Thereafter, defendant apparently went into a telephone answering business in a borough other than the Borough of Brooklyn. Becently, she has indicated, through advertising and through solicitation of customers, that she intends to again commence a telephone answering service business in the Borough of Brooklyn, again using the name of Cliffcorn. Plaintiff complains that this will be unfair competition, that the defendant is soliciting from customers whose ownership she relinquished when she transferred the stock of this corporation to Aurnou, and that if defendant is not restrained from continuing, plaintiff’s business may be destroyed.
The court is of the opinion that defendant should be restrained. (Ed Sullivan v. Ed Sullivan Radio & T.V., 1 A D 2d 609.) Wherever a name will tend to confuse the public, its use may *256 be enjoined by the courts. (Astor v. Watson, 71 N. Y. S. 2d 332; Astor v. Williams, 272 App. Div. 1052; Albro Metal Prods. Corp. v. Alper, 281 App. Div. 68.) It is not necessary that specific instances of confusion be shown in order to entitle plaintiff to injunctive relief. (Kreisberg v. Wakefield Co., 7 Misc 2d 1036; Harvey Mach. Co. v. Harvey Aluminum Corp., 9 Misc 2d 1078.)
Defendant received a substantial payment for this business, its main asset being a list of customers. It is both morally and legally wrong to sell something and then try to get that very asset back, even in the form of fair competition, much less in the form of unfair competition. (Kleinfeld v. Roburn Agencies, 270 App. Div. 509, 511; Witkop & Homes Co. v. Boyce, 61 Misc. 126, affd. 131 App. Div. 922; Conviser v. Brownstone & Co., 209 App. Div. 584; Penal Law, §§ 553, 554; People’s Coat, Apron & Towel Supply Co. v. Light, 171 App. Div. 671, affd. 224 N. Y. 727; Town & Country House & Home Serv. v. Newbery, 3 N Y 2d 554; 5 Williston, Contracts [rev. ed.], § 1640, p. 4591; Von Bremen v. MacMonnies, 200 N. Y. 41; Dairymen’s League Co-op Assn. v. Weckerle, 160 Misc. 866; Glen & Hall Mfg. Co. v. Hall, 61 N. Y. 226; Ficinski v. Guman, 72 N. Y. S. 2d 801.)
The court has examined the cases cited by defendant in her brief and each of them may be distinguished on its own facts, and no purpose will be served in discussing those cases here. Sufficient is it to say, that defendant cannot suffer any harm in keeping everything in status quo until the trial of this action, since it was stated upon the argument that defendant has not yet actually commenced doing business under the proposed name of Cliff corn.
Plaintiff is entitled to be protected from any future menace, as occurs in cases of trade-mark confusion or purchaser deception. (Admiral Corp. v. Penco, 203 F. 2d, 517, 520; Gagnon Co. v. Bourjois, 223 F. 2d 731-733.) A restrainin g order will prevent confusion and will give plaintiff the protection to Avhich it is entitled. (Philadelphia Stor. Battery Co. v. Mindlin, 163 Misc. 52, 56; Tiffany & Co. v. Tiffany Prods., 147 Misc. 679, affd. 237 App. Div. 801, affd. 262 n. Y. 482; Martha Washington Candies Co. v. Martha Washington Ice Cream Co., 280 App. Div. 256, appeal dismissed 304 N. Y. 974; Santa’s Workshop v. Sterling, 282 App. Div. 328, 329-330, affd. 3 N Y 2d 757.)
The motion of the plaintiff is in all respects granted as prayed for. Plaintiff is directed, however, to place this action upon the calendar for the next available term of this court and the order to be entered herein may proAdde that upon a note of *257 issue being filed, this action is to be placed on the Ready Day Calendar for the first day of the term for which the said case is noticed, subject to the approval of the Justice presiding in the Equity Part of this court. Bond fixed in the sum of $1,000. Settle order on notice.