Arthur G. Klein, J.
The plaintiff, in this action, seeks a permanent injunction restraining the use by the defendants of the words “ Design Centre ” in the corporate defendant’s title. Plaintiff rents space in its building to exhibitors of furniture and allied products. The defendants are manufacturers and designers of furniture and bric-a-brac and sell these articles. The plaintiff is located at 415 East 53rd Street and the defendants’ place of business is located at 402 East 53rd Street, almost directly opposite. The plaintiff was incorporated April 21, 1959, and prior thereto, since June, 1957, it had used the name “Interior Design Center, Inc.” The defendant corporation was incorporated on January 29,1959. There is no satisfactory proof that, prior to the date of incorporation, the defendant *546 James Mont had ever used the words “ Design Centre ” in connection with his business and he is presently only using the words “ Design Centre ” in a sign painted on one window and on another painted sign affixed to the outside of the premises. The defendants’ advertising brochures and literature, copies of which were produced at the trial, show that the defendant Mont stresses his own name and reputation as a designer, rather than the words “ Design Centre ”.
The defendant Mont advances no reason for selecting the words ‘ ‘ Design Centre ’ ’ but it is fairly evident from the testimony that he is motivated by ill will towards the plaintiff or by some other equally improper motive. There is some testimony in the case, as well, that the defendant Mont attempted to obtain money from the plaintiff in return for discontinuing the use of “ Design Centre ”.
Unfair competition is a form of unlawful business injury. Orginally it consisted in palming off, or in attempting to pass off, the goods, products or business of another as and for one’s own goods, products or business. In the modern acceptation of the term, it includes not only any misrepresentation as to one’s goods, products or business, but also any misrepresentation of the trade name, trade-mark, reputation or good will of another (White Studio v. Dreyfoos, 221 N. Y. 46; Metropolitan Opera v. Wagner-Nichols Recorder Corp., 199 Misc. 786, affd. 279 App. Div. 632). It means any species of commercial hitchhiking (Baird-Parker Co. v. Crescent Mfg. Co., 174 Misc. 356; Diesel Oil & Burner Corp. v. New York Diesel Heating Corp., 197 Misc. 598, affd. 277 App. Div. 881).
Equity will, therefore, enjoin as unfair competition the adoption or use of the trade name, trade-mark or advertising of another where the apparent purpose is to reap where one has not sown, or to gather where one has not planted or to build upon, or profit from, the name, reputation, good will or work of another (Harvey Mach. Co. v. Harvey Aluminum Corp., 9 Misc 2d 1078, 1080). It is not essential that there be an actual intent to deceive or mislead the public (Higgins Co. v. Higgins Soap Co., 144 N. Y. 462). Nor is it any excuse that the defendant is using his own name or any part of it or that the parties are not in actual competition or in identically the same line of business (Sullivan v. Sullivan Radio & T.V., 1 A D 2d 609).
Wherever a name will tend to confuse the public, its use may be enjoined (Albro Metal Prods. Corp. v. Alper, 281 App. Div. 68). It is not necessary that specific instances of confusion be shown in order to entitle plaintiff to injunctive relief (Harvey Mach. Co. v. Harvey Aluminum Corp., supra). The test is *547 whether the use by the defendants of plaintiff’s name or mark is likely to confuse and mislead the public and injure plaintiff’s name, reputation, good will or business.
The evidence presented in the instant case brings it fairly within such test. A comparison of the names discloses readily their similarity. Defendants have adopted and are using a corporate name closely similar to that of the plaintiff. The salient feature of both names, so far as the general public is concerned, is contained in the words “ Design Centre ”.
It is not apparent how the defendants can be damaged by assuming a corporate name lacking these words. Names other than plaintiff’s there are in plenty which the defendants could have selected (Forsythe Co. v. Forsythe Shoe Corp., 234 App. Div. 355).
There is no evidence to connect the defendant Farhadi with the choice of or the use of the words “ Design Centre ”. He is not an officer of the defendant corporation and apparently went on the lease of the premises as an accommodation to the defendant Mont. As to the defendant Farhadi the complaint is dismissed, without costs.
The defendants should be and are enjoined from continuing the use of the words “ Design Centre ” in connection with any corporate name.
There has been no proof of any damages and none are awarded.
Judgment is accordingly directed in favor of the plaintiff granting the injunction prayed for in its complaint, with costs to the plaintiff. The parties have waived findings of fact and conclusions of law.
The foregoing constitutes the decision required by the Civil Practice Act. Settle proposed judgment in accordance with this decision.