**BRASS RAIL, Inc., v. YE BRASS RAIL OF MASSACHUSETTS, Inc.**

**SAME v. YE BRASS RAIL OF MASSACHUSETTS, Inc., STORE NO. 3.**

Nos. 4383, 4384.

District Court, D. Massachusetts.

Jan. 11, 1938.

Lee M. Friedman (of Friedman, Atherton, King & Turner), of Boston, Mass. for plaintiff.

Louis J. Blender, of Boston, Mass., for defendant.

SWEENEY, District Judge.

These are suits in equity in which the plaintiff seeks to enjoin the defendants from using the name "Brass Rail" on the grounds of unfair competition and infringement of a copyright.

### Findings of Fact

In November of 1925, the plaintiff corporation was formed under the laws of the State of New York. At that time one Levine conceived the idea of operating a small restaurant with a bar, reminiscent of the pre-prohibition days, from which "near-beer" might be dispensed in conjunction with food. A brass rail was provided for the bar. It was from this article that the name of the corporation was taken. As a further departure from the orthodox method of serving food, the plaintiff maintained, in an exposed window, a steam table with various meats ready for sandwich making by a chef who worked in full view of the public. The name "The Brass Rail" was copyrighted in the United States Patent Office. That the idea was a sound one is attested by the fact that the business has grown to such an extent that it grosses about one million dollars a year. It does considerable advertising, using a national radio hookup, and New York newspapers having a huge circulation with a daily circulation in Boston of 8,000 per day and 33,000 on Sundays. It also advertises by mail, and by the distribution of literature and card matches.

While the business has been growing to its present state it has lost considerable of its original character. It is located at 7th Avenue and 49th Street in New York City, and is in the heart of the theatre district. It is now a completely modernized four-story restaurant with large dining rooms, each operated under a designated room name, and several cocktail bars. It caters to the general public, and draws much of its business from the after-theatre crowds. It enjoys an excellent reputation among its patrons, and is well known in New York City.

The defendants operate two restaurants in the City of Boston in each of which the name "Brass Rail" is used. Each is a distinct corporate entity, being designated as Store No. 1 and Store No. 3. The defendants' business was started in the fall of 1926 by one of several Snyder brothers. On April 18, 1927, one of the restaurants was incorporated, and in 1930 when the second restaurant was opened it was likewise incorporated. Two other restaurants which had been operated by the defendants in Boston under the same name are now closed.

At the time that the plaintiff opened its business in New York City, Joseph Snyder was either operating or working in a restaurant in New York City located in the immediate vicinity of the plaintiff's place of business. He watched the plaintiff's development, and at least once inspected the interior of the plaintiff's establishment. Max Snyder, the brother of Joseph, opened his place of business in Boston shortly thereafter. In 1927, when the defendants' business was incorporated, Joseph appeared as one of the stockholders. The business as originally opened was strikingly similar to the original conception of the plaintiff. It had a bar with the attendant brass rail, and employed the exposed steam table in the window of its establishment with a chef in attendance. Later when Store No. 3, the other defendant in this case, was opened it contained the same physical characteristics as the other defendant corporation, and the stockholders were practically the same.

█ The striking similarity of the physical set-up of the defendants' places of business with that of the plaintiff, and the adoption by the defendants of an almost identical name, coupled with the above facts, can only lead to the conclusion that the defendants were seeking to imitate the plaintiff in all respects. The character of the defendants' business has remained about the same since its opening. The character of the plaintiff's business, as previously pointed out, has changed materially. It has become an institution that is somewhat national in its reputation, and which is well known in Boston where the defendants conduct their business. From the different characters of the businesses, it cannot be said that they actually compete with one another. This is, however, no longer the essential test for injunctive relief under the doctrine of unfair competition. Such relief will be afforded where there is a possible danger to reputation and credit arising from a confusion of identity where the parties are engaged in a business of a kindred character. See Duro Co. v. Duro Co., 3 Cir., 27 F.2d 339. See, also, Yale Electric Corp. v. Robertson, 2 Cir., 26 F.2d 972, 974.

█ There can be little question that the defendants intentionally appropriated the plaintiff's name and style of doing business. They seek to avoid the consequences of such appropriation by evidence to the effect that the plaintiff knew as early as 1926 that the defendants were taking such action, and that the plaintiff is estopped to seek the relief that it now seeks or is barred by laches. I find as a fact that the plaintiff had no actual knowledge that the defendants were engaged in business in Boston with the name of "Brass Rail" or any other name, until early 1936, and that it is not guilty of delay amounting to laches, or that any action on its part estops it to seek the relief prayed for. I also find that possible confusion in identity results from the defendants' use of the name "Brass Rail".

### Conclusions

In accordance with the above, the defendants will be enjoined from using the name "Brass Rail" in connection with their restaurants.

The decrees to be entered herein shall become effective sixty days from their entry in order to enable the defendants to make the appropriate change. A decree may be prepared in accordance with the above.

The defendants' requests for findings of fact and conclusions of law are denied, except in so far as they are consistent with the above.