In the Matter of ALEXANDER'S DEPARTMENT STORES, INC., Appellant, against BERTHA COHEN et al., Doing Business under the Name of ALEXANDER'S DEPARTMENT STORE, Respondents.

First Department, April 20, 1945.

*J. Norman Lewis* of counsel (*James P. Durante* with him on the brief; *Feeley & Lewis*, attorneys), for appellant.

*Karl A. Blaustein* for respondents.

MARTIN, P. J. The petitioner, Alexander's Department Stores, Inc., moved under section 964 of the Penal Law, for an injunction enjoining and restraining the respondents, Bertha Cohen and Alexander Cohen, from using the name, "Alexander's Department Store" or any similar name in connection with the operation of their business, the use of which name may deceive or mislead the public as to respondents' identity or connection with the petitioner. The motion was denied and petitioner has appealed to this court.

The petition, which was verified by the vice-president of the petitioner, alleges that since 1928, the petitioner has operated department stores specializing in the retail sale of wearing apparel for men, women, infants and children. It now conducts two stores in Bronx County, N. Y.; its volume of business annually is in excess of $10,000,000; it has expended more than $3,000,000 in advertising and publicizing its name. During the last four years it has spent about $300,000 annually for such advertising which has been placed in newspapers in the city of New York and through local radio stations. The patrons of petitioner's stores reside in New York City and Long Island and Westchester County.

It is then alleged in the petition that the respondents conduct a retail store in Brooklyn, N. Y., " selling generally the same categories of goods as does petitioner "; that the name "Alexander's Department Store" is prominently displayed; that the use of such name is clearly one which may deceive or mislead the public as to respondents' connection with the petitioner and that such name was adopted and has been used with the intent to deceive or mislead the public. An affidavit in support of the petition and two photographs referred to therein disclose that

the name " Alexander's Department Store " appears in large letters on the window of respondents' store and in larger letters on the apron piece of an awning of the store.

Section 964 of the Penal Law was enacted in 1937. It provides that a violation thereof is a misdemeanor and further provides that an injunction may issue thereunder without " proof that any person has in fact been deceived or misled " by the assumption, adoption or use of petitioner's name.

In the present case the fact that Bertha Cohen and Alexander Cohen adopted the name " Alexander's Department Store ", which is almost identical with that under which the petitioner operates two large, well-advertised stores, is, in itself, sufficient evidence of an intent on respondents' part to mislead the public. This is particularly true when one realizes that many of the large department stores maintain branches in other boroughs and in the suburban towns in the metropolitan area.

The right to a restraining injunction under the provisions of section 964 of the Penal Law was upheld by the Court of Appeals in *Matter of Julius Restaurant* v. *Lombardi* (282 N. Y. 126) where the defendant conducted a restaurant under the name of " Julius " in competition with the petitioner's long-established restaurant under the same name.

In *Matter of Bill's Gay Nineties, Inc.* v. *Fisher* (180 Misc. 721) this section was again considered. There the respondent contended an injunction should not be granted because the establishment of the petitioner was in New York County and that of the respondent in Kings County. The court granted the injunction and at page 724 said: " Nothing seems more firmly grounded today than that distance is no defense. Injunctive relief has frequently been afforded, * * * although the respective establishments were distantly removed from each other. [*Maison Prunier* v. *Prunier's Restaurant & Cafe, Inc.*, 159 Misc. 551; *Brass Rail, Inc.*, v. *Ye Brass Rail of Mass.*, 43 F. Supp. 671; *Marsh* v. *Billings*, 61 Mass. 322.] "

There can be no doubt that the respondents are deliberately endeavoring to benefit by the use of the name and to profit by the advertising of petitioner.

The petitioner is entitled to an injunction restraining the respondents from the continued use of the name " Alexander's Department Store ".

The order should be reversed and the motion granted.

GLENNON and DORE, JJ., concur; TOWNLEY and UNTERMYER, JJ., dissent.

Order reversed and motion granted. Settle order **on notice.**