CHICKEN KOOP, INC., Plaintiff, *v.* MAXAN'S RESTAURANTS, INC., et al., Defendants.

Supreme Court, Special Term, New York County, June 29, 1945.

*Mesard & Mesard* for plaintiff.

*Jacob A. Salzman* for defendants.

HECHT, J. Plaintiff moves for an injunction *pendente lite,* restraining defendants from in any manner using the words " Chicken Coop " in connection with the restaurant operated by them at 1580 Broadway, borough of Manhattan, city of New York. Plaintiff operates a restaurant and bar at 37 West 58th Street, Borough of Manhattan, City of New York. Since 1932 this restaurant has specialized in preparing and serving " Southern Fried Chicken ". It has during that period designated its restaurant as the " Chicken Koop ". In 1934 the business was incorporated in this State under plaintiff's present corporate title, " The Chicken Koop, Inc.", and the use of the name " Chicken Koop " has been continuous for the past thirteen years. The corporate defendant was organized in New New York State by the individual defendants in January, 1945. In early March, 1945, it opened a restaurant in the cellar of premises 1580 Broadway, between 47th and 48th Streets, borough of Manhattan, city of New York, identified by the trade name and symbol " Topsy's Chicken Coop " and " New England's Famous Topsy's Chicken Coop ". It, too, specializes in the preparation of " Southern Fried Chicken ".

Defendants contend that the words " Chicken Coop " used by it in conjunction with the name " Topsy's " is not subject to exclusive appropriation, although they concede the name " The Chicken Koop " may be. They also claim that there

has been no showing that any customer of plaintiff has been deceived or misled by their use of the words '' Chicken Coop '' and point to the fact that for the past five years they have used the name '' Topsy's Chicken Coop '' in conducting six restaurants in New England.

I find that the use of the name '' Chicken Koop '' in connection with the operation of a restaurant specializing in the preparation of chicken is an arbitrary and fanciful designation and is capable of exclusive appropriation as a trade name. (*Marvlo Mills, Inc.,* v. *Marvel Mills, Inc.,* 170 Misc. 770.) The fact that the word '' Coop '' is only part of the designation '' Topsy's Chicken Coop '' does not destroy the basic nature of the confusing similarity such trade name has with that used by plaintiff. The supporting affidavits conclusively establish the probability of confusion and deception of the public. Even if we assume that defendants acted in good faith, it is the general rule that, as between conflicting claimants to the right to use the same trade name or colorable imitations of one another, priority of appropriation determines the question. (*Oneida Community, Ltd.,* v. *Oneida Game T. Co., Inc.,* 168 App. Div. 769.)

Defendants argue that, in any event, the benefits to be gained by plaintiff by the granting of this temporary injunction are slight compared to the damage it would cause defendants. This argument would carry weight, were it not for the fact the record discloses that on March 21, 1945, shortly after defendants commenced doing business, plaintiff's attorney wrote to them and requested the discontinuance of the use of the words complained of. This communication was ignored.

Motion is granted. The amount of the undertaking will be fixed in the order which is to be submitted on notice.