Dore, J.
In this action based on unfair competition, defendant rested at the close of plaintiff’s case and the trial court granted defendant’s motion to dismiss. Plaintiff appeals.
Prior to 1939, Adolph Flashner, plaintiff’s president, had operated a restaurant under the name “ King of the Sea ” at Third Avenue between 53rd and 54th Streets, Borough of Manhattan, City of New York. Plaintiff corporation was organized in 1939 and the business with the name “ King of the Sea ” was transferred to it. Plaintiff’s business is known and billed under that name and is so listed in the telephone book. From 1937, to the trial in November, 1946, through local and national papers and magazines and also by radio, the name “ King of the Sea ” has been advertised extensively by plaintiff and its predecessor. Plaintiff has spent between $12,000 and $15,000 annually in such advertising, or a gross sum of about $100,000. During the past two years, plaintiff’s gross revenue amounted to approximately $1,500,000. At the trial, it was conceded that plaintiff’s restaurant is widely and favorably known under, the name “ King of the Sea".
*260 Defendant conducts and operates a restaurant at 505 West 23rd Street, Borough of Manhattan, City of New York, under the name “ The King’s Sea Food,” specializing as plaintiff does in sea food hut also selling steaks and chops. Plaintiff uses English script lettering on the front of its place of business. Defendant uses the same style of lettering on his front, in connection with the word “ King’s ”. Neither plaintiff nor defendant or anyone connected with either is named King.
On plaintiff’s proof there was ample evidence of reasonable likelihood of confusion on the part of tradespeople, customers and the public by reason of the similarity of the trade names of the two parties engaged in a similar business specialty. This was shown by the testimony of plaintiff’s buyer in the fish market, its baker, its advertising agents and also by Flashner’s testimony of inquiries from customers. The proof stands uncontroverted in the record.
Plaintiff has never consented to defendant’s use of the name “ The King’s Sea Food ”. When such use and the resulting confusion was discovered in 1946, plaintiff by letter and in person promptly requested defendant to desist from the use of the name, and even offered to defray defendant’s expenses in changing his designs and stationary in view of the short period defendant has been established; but defendant refused.
At trial, plaintiff waived any claim for money damages and the sole issue on appeal is whether plaintiff is entitled to injunctive relief. The trial court apparently reasoned that since plaintiff’s name is a combination of common words it is not entitled to protection. Defendant in his brief, however, properly concedes than an individual by devising a combination of common and frequently used words may possess a name which is capable of exclusive appropriation (1 Callman, Law of Unfair Competition and Trade Marks [1945], ch. 1, § 3.2, p. 35), and that the protection afforded to such trade name has been extended to trade names adopted by restaurants (Matter of Bill’s Gay Nineties, Ine., v. Fisher, 180 Misc. 721; Maison, Prunier v. Prunier’s Restaurant & Cafe, Inc., 159 Misc. 551; Chicken Koop v. Maxan’s Restaurants, 185 Misc. 226, affd. 269 App. Div. 927; White Tower System v. White Castle System, 90 F. 2d 67; Brass Rail v. Ye Brass Rail of Massachusetts, 43 F. Supp. 671; Stork Restaurant v. Marcus, 36 F. Supp. 90).
Proof of actual confusion is not essential to plaintiff’s right to an injunction. In T. A. Vulcan v. Myers (139 N. Y. 364, 367), the court said: “ No evidence was given or offered *261 to show that any person had actually been deceived by the imitation of plaintiff’s trade mark, and we think that none was necessary for the maintenance of the action. It is the liability to deception which the remedy may be invoked to prevent.” Other authorities support this rule (N. Y. World Fair 1939, Inc., v. World’s Fair News, Inc., 256 App. Div. 373; 2 Callman, Law of Unfair Competition and Trade Marks [1945], ch. 20, § 80.6, pp. 1124-1127).
The trial court also erred in insisting on proof of actual damages as a condition precedent to granting an injunction (Tiffany & Co. v. Tiffany Productions, Inc., 147 Misc. 679, affd. 237 App. Div. 801, affd. 262 N. Y. 482; Long’s Hat Stores Corporation v. Long’s Clothes, Inc., 224 App. Div. 497; T. A. Vulcan v. Myers, supra, pp. 367-368; Yale Electric Corporation v. Robertson, 26 F. 2d 972, 974). In the Vulcan case, the Court of Appeals stated the rule as follows: ‘ ‘ It is sufficient if injury to the plaintiff’s business is threatened or imminent to authorize the court to intervene to prevent its occurrence. The owner is not required to wait until 'the wrongful use of his trade mark has been continued for such a length of time as to cause some substantial pecuniary loss. (Manufacturing Co. v. Trainer, 101 U. S. 51.) ”
In this record there is no explanation for defendant’s choice of a confusingly similar name for his restaurant specializing as plaintiff does in sea food, at a time when plaintiff’s name had been widely and extensively advertised and had procured for itself a good will of great value.
On the unrebutted testimony, plaintiff established, the existence of unfair competition by defendant that warranted the intervention of equity. On the state of this record, an injunction should be granted in plaintiff’s favor.
Bach party moved for judgment in his favor (Civ. Prac. Act, § 440); and, as the case was tried by the court without a jury, this court may make new and independent findings and render final adjudication on the merits (N. Y. Const., art. VI, § 8; Civ. Prac. Act, § 584, subd. 2; Lamport v. Smedley, 213 N. Y. 82, 85; Bernardine v. City of New York, 268 App. Div. 444, 447, affd. 294 N. Y. 361).
The judgment dismissing the complaint should be reversed, with costs and judgment granted enjoining and restraining defendant from the use of the name “ The King’s Sea Food ”, with costs.
*262 Martin, P. J., G-lennon, Callahan and Van Voobhis, JJ., concur.
Judgment unanimously reversed, with costs and judgment granted enjoining and restraining defendant from the use of the name “ The King’s Sea Food ”, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.