John S. Marsh, J.
This is an application under section 964 of the Penal Law for an order enjoining and restraining respondent from using the name Kleinhans in its advertising and business, and determining that the name ‘ ‘ Kleinhans ’ ’ as used by the respondent “ Kleinhans’ Cleaners, Inc.” is such a simulation of the name used by petitioner as to deceive and mislead the public.
Petitioner, a domestic corporation, incorporated 55 years ago, has developed through the years an extensive retail boys’ and men’s clothing business in Buffalo, New York and the adjacent trading area. The merchandising and advertising policies of petitioner and its general community activities have resulted in its attaining a prominent place in the retail trade in the Buffalo area and have given the designation “ Kleinhans ” prestige and prominence in the retail field and in the social and business life of the community.
The respondent was incorporated February 11, 1957 under the corporate name of “ Kleinhans’ Cleaners, Inc.”, and while its certificate states, among other, things, its purpose to be “ to purchase, sell — deal in and deal with every kind of goods, wares and merchandise and every kind of personal property ”, it has to date confined its activities to a dry cleaning business at two locations in the Buffalo area.
In its advertising, its store displays and in the general conduct of its business, the designation 11 Kleinhans ’ ’ is given prominence as its business name, to the practical exclusion of the full corporate name.
It. is obvious from an examination of the statute and a long line of cases decided thereunder, that it was intended to strike at a form of commercial fraud upon the public resulting from the use of a business name calculated to mislead the public as to the identity of the firm doing business under such name and resulting in public deception and confusion.
The name “ Kleinhans ” having no personal or family connection with any one associated with the respondent corpora *1079 tion, obviously there is no question presented here involving the right of a person to use his own or a family name in business, as discussed in Meneely v. Meneely (62 N. Y. 427) and recently in Matter of Alexander’s Dept. Stores v. Cohen (295 N. Y. 557, revg. 269 App. Div. 117), nor is the name adopted by the respondent one of “ widespread and common usage ” in the particular business of respondent as in Association of Contr. Plumbers v. Contracting Plumbers Assn. (302 N. Y. 495), or descriptive of a type of business and not susceptible therefor of appropriation or exclusive use in one party as in Wholesale Service Supply Corp. v. Wholesale Bldg. Materials Corp. (280 App. Div. 189, affd. 304 N. Y. 854) and other reported cases. While, as pointed out in Association of Contr. Plumbers v. Contracting Plumbers Assn, (supra) the wrong of use with intent proscribed by section 964 must be established in a clear and convincing manner, the court is satisfied that petitioner has established by the required standard a factual situation entitling it to the relief sought against the respondent.
The use by respondent of a family name prominent in local retail circles which had gained great prestige through the efforts of petitioner in the business community and having no relationship to anyone associated with respondent’s business and for which use respondent makes no statement of a valid need or explanation offers clear and convincing proof to the court that such use was with intent to deceive and mislead the public.
Clearly it was the use of the identical name and the confusion which that use would create in the minds of the public which was valuable to the respondent.
Proof of competition is not essential to sustain petitioner’s right to relief whereas it appears here the similarity of name used tends or threatens to induce confusion in the public mind. (See Sullivan v. Sullivan Radio & T.V., 1 A D 2d 609; Tiffany & Co. v. Tiffany Prods., 237 App. Div. 801, affd. 262 N. Y. 482.)
Petitioner is entitled to an order herein enjoining and restraining respondent from using the name “ Kleinhans ” in its advertising and business pursuant to section 964 of the Penal Law of the State of New York.
Submit order.