OPINION OF THE COURT
Loren N. Brown, J.
The petitioners pray for an order, pursuant to section 133 of the General Business Law, enjoining the use by the corporate respondents of the name "Waterford Citizen’s Party, Inc.”, or any similar name.
*785 The Citizens Party, as an unincorporated association, has existed for approximately 60 years in the Village and Town of Waterford, Saratoga County. The party’s symbol has traditionally been an upturned horseshoe. In 1986, friction split the party into two factions. According to the respondents, at a January 28, 1986 party meeting, two slates of candidates were presented, each representing its respective faction. Once again according to the respondents, the vote was 12 to 1 in favor of the respondents’ slate. At the same meeting, the creation of a corporation called the "Waterford Citizen’s Party, Inc.” was discussed. The two factions, nominating petitions in hand, raced to the office of the Village Clerk. The clerk accepted the petitioners’ petitions, and a proceeding was brought by the individuals who are now respondents to review the clerk’s action. This court, recognizing that the clerk had discretion to accept the petitioners’ nominating petitions, denied the relief requested. The individual respondents then ran unsuccessfully for public office as an independent group called the "Village People’s Party”. In an apparent reaction to the loss of the ballot line, the respondents incorporated and adopted the disputed name and symbol, and this action followed.
Section 133 of the General Business Law, in pertinent part, states: "No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes * * * or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation”. The section further provides that a violation of its provision is a criminal act, and actual or threatened violation of the pertinent section may be the subject of an injunction.
As the statute provides, an injunction is available upon a clear and convincing demonstration of an attempt to deceive or mislead the public. (Matter of State of New York v Bevis Indus., 63 Misc 2d 1088; Matter of Kleinhans Co. v Kleinhans’ Cleaners, 5 Misc 2d 1077.) The petitioners’ allegations fall short of a clear and convincing proof of intent to deceive or mislead. At worst, the act of incorporation was a Machiavellian attempt to usurp the position of the opposition. And if the *786 individual respondents’ allegations are true, the only intent was to return control of the party to its "true leaders”.
Moreover, there is a clear question as to whether the petitioners are the proper parties to seek injunctive relief, or have any more right to the name and symbol than the individual respondents. In its decision of February 28, 1986, the court did not recognize the petitioners as the party leadership. It only found that the Village Clerk had discretion to accept the petitioners’ nominating petitions.
Based upon the foregoing, the court denies the relief requested.