**LESPORTSAC, INC., Plaintiff,**

v.

**K MART CORPORATION, Defendant.**

**No. 84 CV 2720.**

United States District Court,
E.D. New York.

June 27, 1985.

On Motion for Reconsideration
Sept. 9, 1985.

Kuhn, Muller & Bazerman, New York City (Steven H. Bazerman, Julius Rabinowitz, Frank D. Decolvenaere, New York City, of counsel), for plaintiff.

Kirschstein, Kirschstein, Ottinger & Israel, P.C., New York City, Alexander, Unikel, Bloom, Zalewa & Tenenbaum, Ltd., Chicago, Ill. (Marvin A. Tenenbaum, Richard E. Alexander, James D. Zalewa, Chicago, Ill., Martin W. Schiffmiller, New York City, of counsel), for defendant.

**MEMORANDUM AND ORDER**

McLAUGHLIN, District Judge.

This is an action for trademark infringement under the Lanham Act, the New York

General Business Law and the common law. Defendant moves to dismiss Count IV of the complaint, Fed.R.Civ.P. 12(b)(6), and for leave to file an amended answer. Fed.R.Civ.P. 15. For the reasons developed below, the motion to dismiss Count IV is denied; the motion to amend the answer is granted in part.

### 1. *Motion to Dismiss Count IV*

Count IV of the complaint alleges trademark dilution and injury to business reputation under § 368–d of the New York General Business Law. Defendant reads the complaint to allege that K Mart is selling competitive and similar bags, an act which, according to defendant, is not within the scope of the anti-dilution statute. Thus, argues defendant, Count IV fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

Section 368–d of the New York General Business Law provides as follows:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, *notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.*

New York Gen.Bus.Law § 368–d (McKinney 1984) (emphasis added).

Defendant construes this statute to mean that absence of competition or confusion is a prerequisite to relief under § 368–d. Because plaintiff alleges the infringing bags are competitive and confusingly similar, contends defendant, § 368–d is inapplicable.

■ Defendant's tortured statutory construction entirely misses its mark. The statute affords relief to plaintiff notwithstanding the absence of competition or confusion. That is not the same as saying—as defendant would—that such absence is a prerequisite to relief. Accordingly, the motion to dismiss Count IV is denied.

### 2. *Motion to Amend the Answer*

Defendant seeks to amend its answer to add three affirmative defenses and a counterclaim. Plaintiff opposes only proposed affirmative defenses seven and eight. Accordingly, the motion to add affirmative defense nine and the counterclaim is granted.

Defendant's proposed seventh affirmative defense asserts that any federal, state, or common law which provides for damages or injunctive relief for defendant's alleged infringement of an unregistered trademark violates Due Process, absent notice to defendant of claimed trademark rights. The eighth affirmative defense asserts that to the extent plaintiff seeks damages or injunctive relief under any state law which allows for such relief for the intentional or unintentional copying of the unregistered designs or look of a product, such state law is unconstitutional and is preempted by Article I, § 8, cl. 8 of the United States Constitution, and by the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*

Plaintiff opposes those amendments because they would "delay and needlessly complicate the case," and because they have no merit. Because these affirmative defenses raise constitutional attacks on state and federal laws, Rule 33 of the Local Rules of this district, and 28 U.S.C. § 2403, require that New York State and the United States be given notice so they may intervene. The delay caused by such intervention would make it exceedingly difficult, if not impossible, for this case to proceed to trial as scheduled. This factor weighs heavily against granting the motion to amend.

■ The dispositive reason for denying the motion, however, is that both proposed affirmative defenses are meritless. Contrary to defendant's position with respect to the seventh affirmative defense, plaintiff is not required to give advance notice of its rights to defendant prior to seeking damages or injunctive relief for infringement. *See Saratoga Vichy Spring Co. v.*

*Lehman,* 625 F.2d 1037, 1041 (2d Cir.1980) ("[I]t is normally not necessary for any trademark owner to put potential infringers on notice in order to protect its rights."). To the extent defendant claims this lack of notice is unconstitutional, its claim is frivolous. *See Brault v. Town of Milton,* 527 F.2d 730, 738 (2d Cir.1975) (en banc) (absent claim of malice, "a plaintiff's use of judicial process for enforcement of an alleged right is the very antithesis of denial of due process").

■■■ The eighth proposed affirmative defense is equally groundless. The Constitution does not prevent plaintiff from seeking relief under state law when it seeks only to protect a mark indicating the origin and sponsorship of goods, and not the exclusive right to sell a product. *See Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.,* 604 F.2d 200, 204 (2d Cir. 1979). Additionally, the Lanham Act does not preempt any state law upon which plaintiff might rely in seeking relief. *See Keebler Co. v. Rovira Biscuit Corp.,* 624 F.2d 366, 373 (1st Cir.1980).

For the foregoing reasons, defendant's motion to dismiss Count IV of the complaint is denied; the motion to amend the answer is granted only with respect to the ninth affirmative defense and the counterclaim.

SO ORDERED.

### On Motion For Reconsideration

On June 27, 1985, this Court signed an Order denying defendant's motions to dismiss Count IV of the complaint and for leave to add affirmative defenses and a counterclaim, except to the extent the motions were unopposed. K Mart now seeks reconsideration of that Order. Plaintiff has cross-moved for sanctions against K Mart and its counsel.

1. *K Mart's Motion to Reconsider*

K Mart moved to dismiss Count IV of the complaint, which alleges trademark dilution and injury to business reputation under § 368–d of the New York General Business Law. K Mart claimed that statute does not apply when, as here, the parties are selling competing products.

The language of § 368–d, which was quoted in the June 27 Order, bears repeating:

Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, *notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.*

New York Gen.Bus.Law § 368–d (McKinney 1984) (emphasis added). K Mart cites several cases from courts in this circuit to support its contention that plaintiff is not entitled to relief under § 368–d. *See Smithkline Beckman Corp. v. Procter & Gamble Co.,* 591 F.Supp. 1229, 1246–47 (N.D.N.Y.1984), *aff'd mem.,* 755 F.2d 914 (2d Cir.1985);[1] *Playboy Enterprises, Inc. v. Chuckleberry Publishing, Inc.,* 486 F.Supp. 414, 418 (S.D.N.Y.1980); *Ives Laboratories, Inc. v. Darby Drug Co.,* 455 F.Supp. 939, 951 (E.D.N.Y.1978), *aff'd on other grounds,* 601 F.2d 631 (2d Cir.1979).

In the most recent decision on this issue, however, Judge Nickerson of this Court held that § 368–d does reach "dilution involving products in direct competition." *Vitabiotics, Ltd. v. Krupka,* 606 F.Supp. 779, 784–85 (E.D.N.Y.1984) (citing *Bally-Midway Mfg. Co. v. American Postage Machine, Inc.,* No. 82 C 2700, at 9 (E.D.N.Y. Aug. 22, 1983)). Judge Nickerson's reading of the statute conforms with that of this Court and with the plain language of

---

1. The Second Circuit affirmed the decision in *Smithkline* without a published opinion. Second Circuit Rule 0.23 provides that such a disposition of an appeal does not constitute a formal opinion of the Court, and is not to be cited or otherwise used in unrelated cases before any

Court. Accordingly, there being no formal opinion from the Second Circuit on the issue raised by K Mart, there is no precedent binding on this Court that controls the question presented.

the statute itself. Had the New York State Legislature intended to make the absence of competition a prerequisite to § 368-d relief, it could easily have done so. Upon reconsideration, K Mart's motion to dismiss Count IV of the complaint is again denied.

K Mart also seeks reconsideration of that portion of the Court's Order denying it leave to add two new affirmative defenses. The Court has reviewed its previous rulings as well as the memoranda submitted by the parties. The motion for leave to add proposed affirmative defenses is again denied.

### 2. *LeSportsac's Motion For Sanctions*

Confronted with K Mart's motion to reconsider, plaintiff promptly cross-moved for sanctions pursuant to Fed.R.Civ.P. 11. Plaintiff claims that K Mart's motion is "wholly without merit to the point of being properly characterized as frivolous and abusive." Plaintiff's Memorandum of Law at 16.

In *Eastway Construction Corp. v. City of New York*, 762 F.2d 243 (2d Cir.1985), this Circuit's Court of Appeals held that an objective test governs Rule 11 motions:

> In light of the express intent of the drafters of the new Rule 11, and the clear policy concerns underlying its amendment, we hold that a showing of subjective bad faith is no longer required to trigger the sanctions imposed by the rule. Rather, sanctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, *or where*, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Id.* at 253–54 (footnote omitted) (emphasis in original). Scrutinized under this standard, K Mart's conduct falls far short of that required to support the imposition of Rule 11 sanctions. Plaintiff, having read the Court's Order of June 27, 1985, hastily and unjustifiably concluded that because the Court found no merit in K Mart's motions, sanctions were warranted. On the contrary, K Mart's defense of this action, though indeed vigorous, has at all times been reasonable and conducted in good faith. Plaintiff's motion for Rule 11 sanctions is in all respects denied.[2]

SO ORDERED.

---

**2.** It is distressing to note from the papers that this litigation is degenerating in tone from spirited to acrimonious. The Court fervently hopes that the remainder of this action will be contested in a manner more befitting the counsel involved.