**DIVERSIFIED MARKETING, INC., Plaintiff,**

v.

**ESTEE LAUDER, INC., Defendant.**

No. 87 Civ. 7228 (SWK).

United States District Court, S.D. New York.

Dec. 5, 1988.

Frank J. Colluci, New York City, for plaintiff.

Weiss, Dawid, Fross, Zelnick & Lehrman, New York City by Allan Zelnick and Janet L. Hoffman, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff, Diversified Marketing, Inc. ("Diversified"), brings this action for declaratory judgment and injunctive relief seeking a declaration that its advertising campaign for its cosmetic products does not violate federal trademark law or similar New York state statutory and common law principles. Defendant, Estee Lauder, Inc. ("Estee Lauder"), has counterclaimed on the basis of these laws and has now moved for summary judgment pursuant to Fed.R.Civ.P. 56 on its claims for common law unfair competition and for violation of New York's anti-dilution statute, N.Y.Gen. Bus.L. § 368–d (McKinney's 1984).

## BACKGROUND

The following facts are not in dispute.[1] Both Diversified and Estee Lauder advertise and sell cosmetics. Estee Lauder, which also manufactures cosmetics, has done so for years, and has at least four trademark registrations for the ESTEE LAUDER mark. Defendant asserts and plaintiff acknowledges that this mark has become widely known and is one of the "premier" trademarks in the cosmetic industry. The trademark ESTEE LAUDER does not identify any single product. Diversified, under the label BEAUTY USA, sells "trio" eye shadow as well as a boxed collection of cosmetics in conjunction with the phrase "If You Like ESTEE LAUDER ... You'll Love BEAUTY USA" (the "phrase" or the "like/love phrase"). This phrase appears in prominent letters across the top of the box of the cosmetics collection and also appears on a display card that is placed near the display of trio eye shadows. The like/love phrase appears only on the Beauty USA box and on the display card.

The Beauty USA box contains a set of cosmetic brushes, lipstick, nail polish, earrings, an atomizer, a vanity tray and assorted cosmetic cards. Estee Lauder also offers a similar boxed assortment, particularly during the Christmas holiday season. The ESTEE LAUDER box is a hard plastic box, with a mirror on the inside, and includes a small purse mirror, various lipsticks, mascara, eye shadow trays and blush compacts. Other cosmetic companies offer similar boxed collections. The Beauty USA eye shadows contain three shades of eye shadow in one compact without dividers between the colors. Estee Lauder, as well as other cosmetic companies, offer similar eye shadow compacts without dividers. Estee Lauder also sells eye shadow with dividers.

A Janice K. Ajootian, Diversified's president and principal stockholder, directed the design and assembly of the Beauty USA tray and suggested the use of the like/love phrase. Ajootian selected the name ESTEE LAUDER for three reasons: (1) both companies sell boxed collections of color cosmetic products and accessories; (2) both companies sell multicolor eye shadow compacts without physical dividers between the colors; and (3) both ESTEE LAUDER and BEAUTY USA cosmetics are quality products. Plaintiff did not attempt to copy directly any specific Estee Lauder product and does not use the like/love phrase to identify any particular Estee Lauder product.

## DISCUSSION

### Standards for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c). In testing whether the movant has met this burden, the Court must resolve all ambiguities against the movant. *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir.1987) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). In this case, the parties do not dispute the material facts, and the issues to be resolved by the Court are ones of law.

### Unfair Competition

■ Defendant seeks summary judgment on its counterclaim for common law unfair competition on the grounds that plaintiff's like/love phrase misappropriates the good will associated with the ESTEE LAUDER trademark. Defendant argues that plaintiff is wrongly attempting to take a free ride on the coattails of the ESTEE LAUDER name since plaintiff has not directly copied an Estee Lauder product nor attempts to compare any particular physical characteristics of the competing products. Defendant also argues that it need not establish likelihood of consumer confusion in order to be entitled to judgment as a matter of law. Plaintiff contends that it is engaged in lawful comparative advertising

---

1. These undisputed facts are derived from the undisputed pleadings, affidavits and statements of fact in the parties Local Rule 3(g) submissions.

and that defendant must establish likelihood of confusion to prevail as a matter of law.

New York law recognizes a cause of action for unfair competition:

> Traditionally, unfair competition was limited to claims that one party had attempted to 'pass off' his goods as those of another, to mislead the buying public into purchasing goods while thinking they were getting those of someone else. However, contemporary New York unfair competition law also encompasses a broader range of unfair practices generally described as the misappropriation of the skill, expenditures and labors of another.

*Ideal Toy Corp. v. Kenner Products, Etc.*, 443 F.Supp. 291, 305 (S.D.N.Y.1977) (citing *Flexitized, Inc. v. National Flexitized Corp.*, 335 F.2d 774, 781 (2d Cir.1964), *cert. denied*, 380 U.S. 913, 85 S.Ct. 899, 13 L.Ed.2d 799 (1965)); *see also Roy Export Co. v. Columbia Broadcasting Co.*, 672 F.2d 1095, 1105 (2d Cir.1982) (New York law recognizes as unfair competition the "misappropriat[ion] for the commercial advantage of one person ... a benefit or property right belonging to another.") (quoting *Metropolitan Opera Ass'n v. Wagner–Nichols Recorder Corp.*, 199 Misc. 786, 101 N.Y.S.2d 483, 489 (Sup.Ct. 1950), *aff'd mem.*, 279 A.D. 632, 107 N.Y.S. 2d 795 (1951)), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982).[2] Despite these attempts at categorization, unfair competition is an "adaptable and capacious" tort. *Roy Export, supra*, 672 F.2d at 1105.

Defendant argues that confusion is not a necessary element of a misappropriation claim, and that those cases in which confusion was discussed were palming off cases. The Court disagrees with this characterization. Recent cases have stated in general terms that proof of likelihood of confusion is necessary in unfair competition claims. As this Court recently stated, the "single most important element of a state law unfair competition action is a showing that the defendant's conduct will result in consumers confusing the source of defendant's products." *McDonald's Corp. v. McBagel's Inc.*, 649 F.Supp. 1268, 1280 (S.D.N.Y.1986) (citations omitted) (citing *Flexitized, supra*); *cf. Allied Maintenance Corp. v. Allied Mechanical Trades, Inc.*, 42 N.Y.2d 538, 399 N.Y.S.2d 628, 631, 369 N.E.2d 1162 (1977) (in unfair competition claim, injured party need not show actual confusion, only likelihood of confusion). Similarly, in *Pan American v. Panamerican Travel School*, 648 F.Supp. 1026, 1039 (S.D.N.Y.), *aff'd*, 810 F.2d 1160 (2d Cir.1986), the Court found that defendant had not violated New York's unfair competition law in the use of the name "Panamerican" because the Court found no likelihood of confusion. 648 F.Supp. at 1039; *see also Perfect Fit Industries, Inc. v. Acme Quilting Co.*, 618 F.2d 950, 953–54 (2d Cir.1980) (defendant's copying of plaintiff's trade dress constituted unfair competition because of the strong likelihood of confusion). None of these cases were true palming off cases; none of the defendants were accused of attempting to pass off their own goods or services as those of plaintiff's. Instead, plaintiffs sought to enjoin defendants' use of the same or similar trade name or mark on their products. At this level, Estee Lauder similarly seeks to enjoin use of its trade name on plaintiff's products.[3]

A few cases, such as *Roy Export*, support defendant's argument. In *Roy Export*, the Second Circuit decided that defendant's unauthorized use of plaintiff's copyrighted film clips in a Charlie Chaplin biography unfairly competed with plaintiff's plan to distribute "The Gentleman

---

**2.** A state court has described "palming off", which constitutes state law unfair competition, as the attempt to pass off the goods, products or business of another as one's own, *See National Design Center v. 53 Street Design Centre*, 24 Misc.2d 545, 203 N.Y.S.2d 517, 519 (Sup.Ct. 1960), whereas the federal courts have characterized it as the attempt to pass off one's own

goods as those of another. *Flexitized, Inc., supra*, 335 F.2d at 781.

**3.** This case is different, however, since plaintiff does not use defendant's trade name as its own, but simply refers to it in a purportedly comparative manner.

Tramp", a similar Chaplin biography. 672 F.2d at 1104–05. The Court did not make a finding of likelihood of confusion, but simply stated that defendant "unquestionably appropriated the 'skill, expenditures and labor' of the plaintiffs to its own commercial advantage." *Id.* at 1105. In *Flexitized,* the Second Circuit affirmed a finding of unfair competition in a misappropriation case without discussing likelihood of competition. *Id.* at 781–82. The Court held that an unfair competition claim did not require proof of secondary meaning or actual competition between the parties. *Id.* at 782. The Court, in noting that New York law did not require actual competition between the parties, quoted a New York case in which the court observed that, under the misappropriation theory, courts had found unfair competition "in cases where there was no fraud on the public, . . ." *Id.* (quoting *Dior v. Milton,* 9 Misc.2d 425, 155 N.Y.S.2d 443, 452 (Sup.Ct.), *aff'd mem.,* 2 A.D.2d 878, 156 N.Y.S.2d 996 (1st Dept. 1956)).

These cases indicate that the courts of this Circuit has generally looked to likelihood of confusion in deciding whether one product unfairly competes with another, though unfair competition may be found under limited circumstances without a showing of likelihood of confusion. Although proof of likelihood of confusion may not be an absolute necessity, it is helpful and obviously strengthens a plaintiff's case. Under the circumstances of this case, however, the Court concludes that defendant may not prevail on its counterclaim absent a showing of likelihood of confusion.

Defendant claims that plaintiff has misappropriated its skill, expenditures and labors by unfairly using the ESTEE LAUDER trademark, yet defendant recognizes that comparative advertising is not only allowed, but encouraged. Defendant argues that there is no comparative advertising here, but this argument splits hairs too finely. Defendant argues that plaintiff's "like/love" is not "fair" comparative advertising since it neither directly compares nor specifically distinguishes itself from specific features of defendant's product. Plain-

tiff agrees that the products are only similar, and that it has not directly copied defendant's product, but argues that relief is not available absent a showing that consumers are likely to be confused by the advertisement. This Court agrees with this logic. Plaintiff's advertising may invite comparative shopping even though the products are only similar and not identical. Whether or not the advertisement unfairly competes with defendant's trademark turns on whether consumers are likely to be confused by the nature of the advertisement. The Second Circuit, after stating that unfair competition law had expanded beyond mere palming off, stated that

> liability in this area for misimpression or misappropriation has been limited. For example, one can capitalize on a market or a fad created by another *provided that it is not accomplished by confusing the public* into mistakenly purchasing the product in the belief that the product is the product of the competitor. *Phillip Morris, Inc. v. R.J. Reynolds Tobacco Co.,* 188 U.S.P.Q. 289 (S.D.N.Y. 1975).

*American Footwear Corp. v. General Footwear Co.,* 609 F.2d 655, 662 (2d Cir. 1979) (emphasis added), *cert. denied,* 445 U.S. 951, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980). The Court of Appeals, in quoting *Ideal Toy, supra,* 443 F.Supp. at 305, characterizes misappropriation of good will as the misleading of the public into believing that a product is sponsored or derived from another. *American Footwear, supra,* 609 F.2d at 662; *see Ideal Toy, supra,* 443 F.Supp. at 305 & n. 14. Defendant's misappropriation of goodwill theory thus turns on a showing of likelihood of confusion. A number of years ago, the Second Circuit reached this same conclusion in an unfair competition case:

> The only property right alleged to have been invaded is the good will embodied in the trademark. But the right of the complainant in his mark is limited to dilution which is brought about by confusion as to source or affiliation.

*Societe Comptoir de L'Industrie Cotonniere Establissements Boussac v. Alexan-*

*der's Department Stores, Inc.*, 299 F.2d 33, 36 (2d Cir.1962).

▓ In a "like/love" case similar to this one, this Court observed that comparative advertising is permissible absent false statements or likelihood of confusion. *Charles of the Ritz Group v. Quality King Distributors, Inc.*, 636 F.Supp. 433, 437 (S.D.N.Y.1986). Though that case appears to have been decided under federal trademark infringement law, it is appropriate to apply that analysis to this factually similar unfair competition claim brought under state law. *See McDonald's, supra*, 649 F.Supp. 1268, 1279–80 (state unfair competition elements closely parallel Lanham Act requirements). If consumers are likely to confuse the source of defendant's product, use of plaintiff's trademark would be unfair. On the other hand, if consumers were not likely to be confused, but instead recognized that defendant was in competition with plaintiff, the advertisement would not be unfair. As the Eighth Circuit stated in another "like/love" case,

[a] manufacturer does not commit unfair competition merely because it refers to another's product by name in order to win over customers interested in a lower cost copy of that product if the reference is truthful and does not likely confuse consumers into believing that the copy is from the same source as the original. (Citations omitted).

*Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 668 (8th Cir.1987). For the reasons stated above, the Court concludes that defendant is not entitled to judgment as a matter of law under New York unfair competition law without a showing of likelihood of confusion. Since defendant has not made such a showing, its motion for summary judgment on this claim is denied.

### Dilution

▓ Defendant also seeks judgment pursuant to New York General Business Law, § 368–d, which states:

Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

Confusion and direct competition are not necessary elements. *Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621, 624 (2d Cir.1983). The anti-dilution statute protects not only commercial goodwill, but also the selling power associated with a distinctive name. *Id.* Defendant's dilution claim suffers on a number of fronts.

First, plaintiff's product, on which its mark appears, competes with defendant's product. The New York Court of Appeals has stated that

The evil which the Legislature sought to remedy was not public confusion caused by similar products or services sold by competitors, but a cancer-like growth of dissimilar products or services which feeds upon the business reputation of an established trade-mark or name.

*Allied Maintenance Corp. v. Allied Mechanical Trades, Inc.*, 42 N.Y.2d 538, 399 N.Y.S.2d 628, 632, 369 N.E.2d 1162 (1977), *cited in Sally Gee, supra*, 699 F.2d at 624. This Court recently decided that "relief is not available under the anti-dilution statute where the infringement claimed is by a direct competitor selling a similar product", and on that basis dismissed an anti-dilution claim. *Business Trends Analysts v. Freedonia Group, Inc.*, 650 F.Supp. 1452, 1458 (S.D.N.Y.1987); *see also Smithkline Beckman Corp. v. Proctor & Gamble Co.*, 591 F.Supp. 1229, 1246–47 (N.D.N.Y.1984), *aff'd mem.*, 755 F.2d 914 (2d Cir.1985). Other courts, in this Circuit and elsewhere have reached an opposite conclusion. *LeSportsac, Inc. v. K Mart Corporation*, 617 F.Supp. 316, 318 (E.D.N.Y.1985); *Sykes Laboratory, Inc. v. Kalvin*, 610 F.Supp. 849, 856 (S.D.Cal.1985) (California law). Since the parties have not briefed this issue, and since the Court concludes that summary judgment is not warranted for other reasons, the Court does not base its decision on the fact that the products are in competition with each other.

▓ Second, the anti-dilution law does not protect defendant, as a matter of law,

from the injury it claims it suffers. Assuming that defendant has a "truly distinctive mark", the Court must consider the likelihood that plaintiff's use of defendant's name will whittle down the distinctive identity of ESTEE LAUDER. *Sally Gee, supra,* 699 F.2d at 625. Defendant argues that plaintiff's use of the ESTEE LAUDER name to reference only "similar", as opposed to "copied", products tends to make it a generic reference to boxed cosmetics as a matter of law. The Court disagrees; at the very least this question cannot be determined on motion for summary judgment. *See Sykes, supra,* 610 F.Supp. at 858 (dilution is fact issue to be determined at trial). The Court does not envision that plaintiff's advertisements will lead consumers to say "Let's go buy an Estee Lauder", meaning that they want to buy a box of cosmetics. Plaintiff argues, and this Court agrees, that any tendency to "genericize" the ESTEE LAUDER name would be counterproductive since any comparative value of the advertisement would be lost.[4]

■ Defendant also argues that plaintiff's advertisement blurs the distinctive nature of defendant's name. The Court disagrees. " 'Dilution' ... refers to a loss of distinctiveness, a weakening of a mark's propensity to bring to mind particular product, [sic] service, or source of either." *McDonald's, supra,* 649 F.Supp. at 1280. This case is not one in which use of a similar name tends to blur the distinctive quality of defendant's name. *Cf. Toys "R" Us, Inc. v. Canarsie Kiddie Shop, Inc.,* 559 F.Supp. 1189, 1208 (E.D.N.Y.1983) (court found dilution because "Kids 'R' Us" tended to blur distinctiveness of "Toys 'R' Us" name); *Estee Lauder v. Cinnabar 2000 Haircutters,* 218 U.S.P.Q. 191, 192 (S.D.N.Y.1982) (court held defendant's salons named Cinnabar 2000 diluted plaintiff's Cinnabar line of products).

■ Defendant also argues that, plaintiff having made the association between the two names, any use of the ESTEE LAUDER name dilutes the trademark if the use associates the famous mark with goods that do not have the characteristics of the famous mark. As stated earlier, defendant has not convinced the Court that the association of similar, though not identical, products constitutes unfair competition absent a showing of likelihood of confusion. The Court similarly does not believe that making that association constitutes as a matter of law dilution of defendant's name. Plaintiff does not use the ESTEE LAUDER name to identify its own product, but simply as a point of comparison. *See Sykes, supra,* 610 F.Supp. at 858 (plaintiff would be entitled to injunction if it could prove, *inter alia,* that defendants "do not employ the trademark to describe the goods they are copying but rather to identify their own [goods].") For these reasons, the Court concludes that defendant is not entitled to judgment as a matter of law on its dilution claim.

### CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is denied.

SO ORDERED.

---

4. In support of its position, defendant cites *Norton Co. v. Newage Industries, Inc.,* 204 U.S.P.Q. 382 (E.D.Pa.1979). That case held that defendant's comparison of its product to plaintiff's by advertising that it was selling a TYGON-type product, when TYGON was plaintiff's trademark, tended to make generic plaintiff's name. In the present case, plaintiff does not advertise that it is selling an "ESTEE LAUDER-type" product.