812

SHRED–IT USA, INC. and Shred–It Canada, Inc., Plaintiffs–Counter–Defendants–Appellees,

v.

MOBILE DATA SHRED, INC. and Michael Bohbot, Defendants–Counter–Claimants–Appellants,

and

Nitza I. Cruz and Executive Mobile Shredding. Defendants–Appellants.

Nos. 03–7633(L), 03–7655.

United States Court of Appeals, Second Circuit.

Feb. 25, 2004.

Quentin R. Wittrock, Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, MN (Robert N. Holtzman and Gabrielle Gould, Kramer, Levin, Naftalis & Frankel, LLP, New York, NY, on the brief), for Plaintiffs–Counter–Defendants–Appellees.

Kashif Molamusa, West Patterson, NJ, for Mobile Data Shred, Inc. and Michael Bohbot.

Michael Gross, Hackensack, NJ, for Nitza I. Cruz and Executive Mobile Shredding.

PRESENT: JACOBS, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

In this consolidated appeal, Defendants–Counter–Claimants–Appellants Mobile Data Shred, Inc. ("MDS") and Michael Bohbot ("Bohbot") appeal from the judgment of the United States District Court for the Southern District of New York (Marrero, *J.*), entered following a four-day bench trial, that they are liable to Plaintiffs–Counter–Defendants–Appellees Shred–It USA, Inc. and Shred–It Canada, Inc. (collectively, "Shred–It") for breach of contract and fraud. *Shred–It USA, Inc. v. Mobile Data Shred, Inc.*, 228 F.Supp.2d 455, 462–64 (S.D.N.Y.2002). Bohbot also appeals the district court's September 16, 2002 Order dismissing Bohbot's counterclaims for breach of contract, fraud, tortious interference with prospective economic advantage, defamation, and conversion. *Shred–It USA, Inc. v. Mobile Data Shred, Inc.*, 222 F.Supp.2d 376, 378 (S.D.N.Y.2002). Defendants–Appellants Nitza I. Cruz ("Cruz") and Executive Mobile Shredding ("EMS") appeal the district court's judgment that Cruz and EMS were liable to Shred–It for unfair competition. *Shred–It USA, Inc.*, 228 F.Supp.2d at 465. MDS, Bohbot, Cruz, and EMS all appeal the damages calculation in the district court's December 27, 2002 Decision and Order. *Shred–It USA, Inc. v. Mobile Data Shred, Inc.*, 238 F.Supp.2d 604 (S.D.N.Y.2002).

All of these claims in this diversity action arise under New York law from (i) Shred–It's purchase of most of the operating assets of MDS in a merger agreement effective in January 2002, (ii) subsequent business conduct by MDS and Bohbot, and (iii) business practices of Cruz (a former MDS employee) and EMS, the shredding company that she founded. Familiarity is assumed with the facts of this transaction and of events subsequent to it.

Dismissal of Bohdot's Counterclaims Against Shred–It

In a September 16, 2002 Order the district court dismissed Bohbot's nine counterclaims against Shred–It. 222 F.Supp.2d at 378. In a statement made on the record on September 9, 2002, as best as the court could make out, Bohbot's confused pleadings "appear[ed]" to allege breach of contract, fraud, tortious interference with prospective economic advantage, defamation, and conversion. The district court concluded that these counterclaims were "nothing more than conclusory assertions and scattered references to unsupported, self-serving statements made during his deposition."

Bohbot argues on appeal that, by granting Shred–It's motion to dismiss his coun-

terclaims, the district court violated Federal Rule of Civil Procedure 56(c) and drew "every inference against the defendants in assessing whether the factual record supports the counterclaims." Brief for Appellants at 14. We review Bohbot's appeal from the district court's grant of summary judgment *de novo, see Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998), construing the evidence in the light most favorable to Bohbot and drawing all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ We see no error in the ruling that Bohbot's breach of contract claim was legally precluded by the integration clause contained in the merger agreement between Shred–It and MDS. We also agree with the district court that Bohbot produced no evidence (other than his conclusory assertions and affidavits) to support his other counterclaims of fraud, tortious interference with prospective economic advantage, defamation, and conversion. *See Gottlieb v. County of Orange,* 84 F.3d 511, 518 (2d Cir.1996) ("[Plaintiff] cannot defeat [a summary judgment motion] by relying on the allegations in his pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." (citations omitted)). Bohbot's appeal from the district court's award of summary judgment to Shred–It is without merit.

## Liability of Cruz and EMS for Unfair Competition

■ The district court found that Cruz and EMS (1) through a number of actions had given MDS customers the impression "via some sort of fraud or deception" that EMS was an authorized affiliate of MDS and (2) by acquiring several MDS customers had "deprived the plaintiff of the opportunity to reap its due profits on [its] idea or product." 228 F.Supp.2d at 465.

Findings entered after a bench trial are reviewed for "clear error." *AUSA Life Ins. Co. v. Ernst & Young,* 206 F.3d 202, 229 (2d Cir.2000). The district court's legal conclusions are reviewed *de novo* as are mixed conclusions of law and fact. *Id.*

Although New York law typically disfavors claims of unfair competition by former employers, this protection is inapplicable when "there [is] any allegation or evidence of other wrongful or fraudulent tactics employed by [a former employee] in connection with the solicitation of [an employer's] customers." *Leo Silfen, Inc. v. Cream,* 29 N.Y.2d 387, 392, 328 N.Y.S.2d 423, 278 N.E.2d 636, 639 (1972). New York law has long recognized that misrepresentation of the trade name or trademark of another (often called a "palm off" by New York courts or a "pass off" by federal courts) is a classic example of unfair competition. *Diversified Marketing, Inc. v. Estee Lauder, Inc.,* 705 F.Supp. 128, 131 n. 2 (S.D.N.Y.1988). There is ample evidence that Cruz and EMS had engaged in such a "pass off" in their communications to MDS customers.

Cruz and EMS argue that solicitation of MDS customers did not misuse confidential customer lists and did not satisfy the very particular elements of a cause of action for deceptive trade practices under New York General Business Law Section 349. However, the activities of Cruz and EMS *did* in fact misappropriate Shred–It property—the MDS brand and the goodwill associated with it—and lent itself to characterization as unfair competition. *See id.* at 131 ("Despite ... attempts at categorization, unfair competition is an

'adaptable and capacious' tort.") (citations omitted) Given the breadth of this tort and the fairly damning factual findings by the district court about the conduct of Cruz and EMS, the finding of unfair competition by these two Appellants is not erroneous.

District Court's Damages Calculation

The district court granted injunctive relief and, in addition to other damages, held MDS, Bohbot, EMS, and Cruz jointly liable to Shred–It for one year of annualized lost profits ($143,960) attributable to the seven customers lost by Shred–It in early 2002. *Shred–It USA, Inc.,* 238 F.Supp.2d at 612. Bohbot and MDS dispute this calculation and claim that they "were precluded the opportunity to fairly litigate Plaintiffs' alleged Damages." Brief for Appellants at 17.

This Court reviews damages calculations with great deference and does not set them aside unless they are "clearly erroneous." *See U.S. Naval Inst. v. Charter Communications, Inc.,* 936 F.2d 692, 697 (2d Cir.1991).

Bohbot and MDS argue that the damages should have been set off by $450,000 allegedly owed by Shred–It under the terms of a shredding equipment purchase agreement that was executed at the time of the merger. This argument is scrambled, but the district court appears to have rejected the characterization of the agreement now advanced by Bohbot and MDS on appeal. *See Shred–It USA, Inc.,* 228 F.Supp.2d at 459 (finding that Shred–It agreed to "sell back to MDS certain truck boxes containing shredding equipment ... simultaneous[ ][to] the closing [of the merger agreement and].... MDS was to have possession of those trucks for the limited purpose of removing the boxes").

Moreover, even if Bohbot's and MDS's characterization of the shredding equipment agreement is correct, no record evidence suggests (i) that either Bohbot or MDS actually paid $450,000 to Shred–It or (ii) that either Bohbot or MDS asserted a breach of contract claim based on the shredding equipment purchase agreement.

Appellants also challenge the district court's decision to admit testimony by Shred–It's expert James Thomson and the court's refusal to reopen the case three months after the bench trial in order to admit testimony by Appellants' expert Gerald Shanker. Both of these evidentiary rulings are reviewed for an abuse of discretion by the district court. *See United States v. Tocco,* 135 F.3d 116, 127 (2d Cir.1998). We see no such abuse.

We have examined Appellants' other arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.